June, 1809.

### Ezekiel Woodford *against* Micah Webster.

WRIT of error.

If a plaintiff *sues or pleads by conservator*, and the record is in usual form, and judgment in his favour, it will be good; and those words will be rejected as suplusage.

*Webster* brought an action of ejectment against *Woodford*; and the form of the writ was " to answer unto *Micah Webster, who sues by David Grant, his conservator*." The defendant pleaded the general issue, and put himself on the country. " And the plaintiff likewise, by *David Grant*, his conservator." The verdict was for the plaintiff; and the record of the judgment was in common form, that *the plaintiff* recover seisin, &c.

*Woodford* now claims, that the writ, pleadings and judgment are in the name of *David Grant*, and that it does not appear that *Webster* was in court.

*Daggett* and *Dwight*, for the plaintiff in error.

By this record it appears, that the suit has been prosecuted by a man not an officer of the court, claiming no authority to prosecute but as conservator of *Webster*. Our tatutes authorizes the county court to appoint and empower some meet person a conservator to take care of and oversee idiots, distracted and impotent persons, and their estate for their support.(a) *David Grant* must derive his power as conservator from this statute. But this statute gives no authority to the conservator to sue; in this respect, it leaves the object of it with his common law rights. And upon the principles of the common law, an idiot cannot sue, or defend, or appear by guardian, *prochein amy*, or attorney, but must always appear in proper person. *Fitz. N. B.* 27. *Co. Litt.* 135. 15 *Vin*.

(a) *Stat. Conn.* tit. 88. c. 1. s. 4.

*Abr.* 134. A conservator in this state has the same June, 1809.

WOODFORD
v.
WEBSTER.

powers that the committee appointed in *England* to superintend the estate of a lunatic have under the statute of 17 *Edw.* II. 3 *Bac. Abr.* 367. Yet a suit cannot be maintained in the name of such committee, but must be brought in the name of the lunatic. *Cook* v. *Danton*, 1 *Brownl.* 197. S. C. *Hob.* 215. *Darcie's* case, *Poph.* 141. *Drury* v. *Fitch*, *Hut.* 16. *Highmore*, 118. 123. 11 *Ves.* jun. 397. The case of *Snow* v. *Antrim*, *Kirby*, 174. if it proves any thing, proves that a conservator cannot sue; for if he were a party, the notice given in that case would not have been sufficient. In *Ruth Butler's* case, 1 *Root*, 426. nothing was determined, except that the selectmen could not appoint an overseer to an insane person. And whatever may be the practice in chancery, it cannot regulate the *process* at law.

It is said, that the record shows, that the parties appeared. But the pleadings are part of the record; the manner in which they appeared is, therefore, before the court; and if it is an appearance not known to our law, the court must consider it as *no appearance.* And when there is a defect in instituting a suit, or no appearance by the party in whose favour judgment is rendered, it must, at any time, be set aside.

It is also said, that in certain cases, an idiot may appear by guardian, or attorney; and that by our practice, there is no inquiry as to the authority of a person signing a plea. It is a sufficient answer to the first of these remarks, that in this case, the party neither appeared by guardian, nor attorney; and as to the latter, it applies only to pleas signed by an officer of the court, which *David Grant* does not claim to be.

Again, it is said, that the words which show he did not sue *in propria personâ* may be rejected as surplusage.

But if by these words the relation of the parties to the case is changed, they cannot be treated as mere surplusage. In consequence of them, *David Grant* could not be a witness in the cause; but his declarations might be given in evidence against the claim of the plaintiff, and he himself become liable to both. *James* v. *Hatfield*, 1 *Stra.* 548. *Turner* v. *Turner*, 2 *Stra.* 708. *Hopkins* v. *Neale*, 2 *Stra.* 1026.

*E. Perkins*, for the defendant in error.

It does not appear, upon this declaration, that *Micah Webster* was an idiot, or lunatic; nor can it be necessarily inferred from any thing stated. His suing, therefore, by conservator, may be rejected as surplusage; especially as the record of the judgment is in the usual form, that the parties appeared.

But if the fact of his incapacity did appear upon the declaration, he ought to appear by conservator. The statute impliedly gives them this power. It imposes the duties of guardians, and means to give the powers. Indeed, the meaning of the terms guardian and conservator are nearly the same; one is of *Saxon*, the other of *Latin* origin. Conservators, like guardians, are appointed to take care of and oversee idiots, &c. and their estates for their support. To manage the estate, they must have the power of suing and defending; and the diction of the statute is comprehensive, and the decisions recognise this power. In *Snow* v. *Antrim*, *Kirby*, 174. the defendant being a lunatic, the court directed a continuance to cite in the conservator. And in *Ruth Butler's* case, her petition was dismissed because brought by an overseer, when she should have had a conservator. 1 *Root*, 426. And in chancery, idiots sue by their committee; 1 *Harrison*, 763. and aged persons defend by guardian. *Hinde*, 4. 146. And at law, the rule that idiots must appear in

their own persons, does not extend to all who may have conservators; for he who is not an idiot *à nativitate*, but becomes *non compos mentis*, shall appear by guardian if within age, and by attorney if of full age. *Beverly's* case, 4 *Co.* 124. And by our practice, lunatics may appear by attorney. 1 *Swift's Syst.* 358.

There is a difference in the form of declaring in *England*, and in this state. There, *A. B.* sues, or pleads, by his attorney *C. D.* Here, the parties plead by persons not stated to be their attorneys. The authority is not stated; but the expression implies an authority; and a person may have this authority, although he calls himself conservator.

But, if there was not an appearance strictly regular, the defendant could take advantage of it by plea in abatement only; and cannot assign that for error which he could have taken advantage of by plea in abatement. Thus, if a *feme covert* brings an action in her own name by attorney, and the defendant pleads in bar, he shall never assign the coverture for error. *Carth.* 124. 2 *Bac. Abr.* tit. *Error.* And if judgment be rendered against a person under an incapacity, as an infant, who did not appear in a proper manner as by guardian, *he* may take advantage of this on error; but if the judgment is in his favour, *the adverse party* cannot procure a reversal upon writ of error for such cause.

By THE COURT. Nothing appears from this record, that *Micah Webster*, the plaintiff below, was under any disability whatever: his appearance is recorded in the usual form. His stating in the writ, therefore, that he sues by a conservator, may be rejected as surplusage.

Judgment affirmed.