JOHN R. McD. CLEVELAND'S APPEAL FROM PROBATE.

First Judicial District, Hartford, October Term, 1899. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Section 475 of the General Statutes provides for the appointment of a conservator for any property owner who shall be found to be "incapable of managing his affairs." *Held* that the ability to do odd jobs of common work, handle small sums of money, and to purchase simple wearing apparel and provisions, was not necessarily and as matter of law inconsistent with a finding that such person was incapable of managing his affairs.

Such a finding is decisive upon an appeal to this court, unless the record discloses some error in law upon the part of the trial court in reaching that conclusion.

Argued October 3d—decided October 27th, 1899.

APPEAL from the refusal of the Court of Probate for the district of Winchester to remove the appellant's conservator, taken to the Superior Court of Litchfield County and tried to the court, *Roraback, J.;* facts found and judgment rendered affirming the action of the Court of Probate, and appeal by the appellant for alleged errors in the rulings of the court. *No error.*

The case is sufficiently stated in the opinion.

*James P. Shelley,* for the appellant (petitioner).

*Samuel A. Herman,* for the appellee (respondent).

TORRANCE, J. In November, 1898, the Court of Probate for the district of Winchester, after due notice and hearing, duly appointed a conservator over the person and estate of Mr. Cleveland,—who by his next friend and attorney is the appellant in this case,—and no appeal was taken from such decree, which remains in full force and effect. The conservator so appointed accepted the appointment and duly qualified. Thereafter, in December, 1898, Mr. Cleveland, by his next friend and attorney, made application to said Court of Probate

to be freed from the power of a conservator and to have his estate restored to him. After due hearing said court denied the application, and from that denial Cleveland took an appeal to the Superior Court. In that court he substantially alleged in his reasons of appeal, as the grounds of his application, that he had become capable of taking care of himself and of managing his affairs. The appellee denied this allegation, and upon that issue the case was tried in the Superior Court. That court found this issue in favor of the appellee, and thus found as a fact that the appellant is incapable of managing his affairs.

This finding is conclusive upon this court, upon the present appeal, unless the record discloses that in reaching it the trial court committed some error in law; and upon the record no such error appears. Many such errors are claimed in the numerous and prolix assignments of error in this case, but the facts upon which most of them are based do not appear in the record. The substantial grievance of which the appellant appears to complain, as set forth in different forms in divers of the assignments, is to the effect that upon the facts found the court below, in passing upon the capacity of the ward to manage his own affairs, required a higher degree of mental capacity than the law requires. The facts found bearing upon this point are these : The ward has been under the power of a duly-appointed conservator continually since 1871. He is about fifty-nine years old, and is a man of limited education. His estate consists wholly of cash and securities, and amounts to about $2,000. During the war of the Rebellion he enlisted and was mustered into the service of the United States as a soldier, and was honorably discharged from such service thirty-eight days after such enlistment, and is now drawing a pension because of rheumatism. Prior to his enlistment he lived with his father on a farm. Since his discharge he has worked about from place to place caring for himself and doing odd jobs of common work. "He is a man of good habits, a member of the church, has been and now is an elector ;. but in mental capacity is far below the average. Simple-minded and easily influenced, he has not sufficient

ability or mental capacity to manage or control any considerable amount of money, and, if allowed to, would soon waste or squander it. He is neither insane nor an idiot, in the full sense of that word, and can handle small sums of money and purchase his own necessary apparel and provisions."

The court below has thus found, upon what we must on this appeal assume to have been proper and sufficient evidence,— for no complaint to the contrary is made,—that the appellant was incapable of managing his affairs, and would soon squander and waste his estate if allowed to manage it.

The other special facts found do not appear to be inconsistent with the conclusion reached as to incapacity. A man may be of good habits, be a church member and an elector, be capable of doing odd jobs of work and caring for himself to a certain extent, and still be incapable of managing his affairs, within the meaning of the statute. The record does not support the appellant's claim upon this point.

There is no error.

In this opinion the other judges concurred.