HELEN E. COTTRELL v. CONNECTICUT BANK AND TRUST COMPANY ET AL., CO-ADMINISTRATORS (ESTATE OF LEONE B. COTTRELL)

LOISELLE, BOGDANSKI, LONGO, PARSKEY and ARMENTANO, Js.

258

Argued February 14—decision released June 6, 1978

*Helen E. Cottrell,* pro se, the appellant (plaintiff).

*Alexander J. Holland,* for the appellees (defendants).

LOISELLE, J. The plaintiff appealed to the Superior Court from an order of the Probate Court for the district of Stonington approving a third preliminary account of the administration of the estate of Leone B. Cottrell, deceased mother of the plaintiff. The defendant coadministrators filed a plea in abatement alleging that, because a guardian ad litem had been appointed by the Probate Court to represent and protect her interests in connection with the settlement of her mother's estate and, even prior to this, a conservator had been appointed to

manage her own estate, the plaintiff was legally incapable of bringing the appeal. The plaintiff demurred to the plea in abatement on the grounds that an action may be brought in the name of the real party in interest and that a plea in abatement cannot be used to test whether the guardian ad litem is a necessary party. The court overruled the demurrer, and, when the plaintiff failed to plead further, judgment was rendered for the defendants. The plaintiff has appealed, claiming that the court erred in overruling her demurrer.

By demurring to the defendants' plea in abatement, the plaintiff challenged the legal sufficiency of that plea, admitting the facts recited therein. See *Kirwan* v. *State,* 168 Conn. 498, 500, 363 A.2d 56; *McAnerney* v. *McAnerney,* 165 Conn. 277, 282, 334 A.2d 437. The specific issue raised on appeal to this court is whether one who has been adjudicated incompetent and for whom both a guardian ad litem to represent her interests in connection with the settlement of an estate and a conservator to manage her own estate have been appointed by the Probate Court may appeal in her own name as an "aggrieved" party from a Probate Court order.

The essence of the plaintiff's argument is that in Connecticut an incompetent may initiate proceedings in his or her own name to recover property. In support of this claim, she points to two early cases, *Webster* v. *Woodford,* 3 Day 90, and *Looby* v. *Redmond,* 66 Conn. 444, 34 A. 102.

In *Webster* v. *Woodford,* supra, the court held that the plaintiff, in an action of ejectment arising out of a prior conveyance of real estate by him to the defendant, could plead and prove that, at the time of the conveyance, he had insufficient mental

capacity to enter into a contract. The following year, in *Woodford* v. *Webster,* 3 Day 472, the defendant in the first case sought to set aside the judgment on the ground that Webster had been incompetent at the time the original suit was brought, and that the suit had been brought by his conservator, who, according to common law, was not a proper party. The entire judgment of the court was as follows: "Nothing appears from this record, that Micah Webster, the plaintiff below, was under any disability whatever: his appearance is recorded in the usual form. His stating in the writ, therefore, that he sues by a conservator, may be rejected as surplusage." Thus, the question of whether a party for whom a conservator had been appointed could bring suit was not addressed.

Nonetheless, the case appeared in *Looby* v. *Redmond,* supra, a case involving a suit filed by the plaintiff " 'with the advice and consent of his conservator.' " Id., 447. The court noted that such words did not make the conservator a party to the action, in a proper sense, but stated, with a citation to the original *Webster* case, that "[t]he conservator is not, however, a strictly necessary party, for in this State a man may allege his own disability to set aside his contract." Ibid. Also cited in the case is 1 Swift, Digest, p. 180, which reveals that although under English common law mental incapacity could not be raised to defeat a contract, the law of Connecticut was otherwise. The statement continues, however, "[i]f a lunatic recovers his senses, he can do it himself. And an idiot may do it by his own conservator." Id., 173. The *Looby* case itself concludes (p. 456) with the ambiguous comment that "[w]e have discussed this case just as though the conservator was a party to it."

In neither of those cases was the issue of whether one adjudicated incompetent may bring suit specifically addressed. Rather, the cases stand for the proposition that in Connecticut a party may avoid certain contractual obligations on the ground that at the time they were entered into he or she was mentally incapacitated. To the extent that they have been interpreted to mean that one who has been adjudicated incompetent is under no legal disability preventing him or her from initiating a suit; see, e.g., 2 Locke & Kohn, Conn. Probate Practice § 709; Cleaveland, Hewitt & Clark, Probate Law and Practice § 570; they are overruled.

The issue of whether a guardian ad litem was properly appointed to represent the plaintiff's interests is not now before us. We are confronted with the conceded fact that both a conservator to handle her affairs and a guardian ad litem to represent her interests in the estate at issue have been appointed. Such appointments indicate a judgment that the plaintiff is incapable of managing her own affairs; see General Statutes § 45-70 (b); *Elmendorf v. Poprocki,* 155 Conn. 115, 118, 230 A.2d 1; *Cleveland's Appeal,* 72 Conn. 340, 341, 44 A. 476; and of representing her own interests. Until such determinations are changed, the plaintiff may not bring suit, or, in this case, bring an appeal, in her own behalf. See, e.g., *In re Thoms' Will,* 286 App. Div. 1146, 146 N.Y.S.2d 18; 41 Am. Jur. 2d, Incompetent Persons, § 115.

The law does not deprive a person adjudicated incompetent of access to the courts in order to seek redress; rather, provision is made to ensure that such interests are well represented. *Kirwan v. State,*

168 Conn. 498, 502, 363 A.2d 56. In the present proceedings involving the settlement of her mother's estate, it is the appointed guardian ad litem who has been charged with the duty to represent the plaintiff. The guardian ad litem has not sought and in fact has refused to appeal from the probate order. The question is, therefore, whether the plaintiff may seek to appeal the probate order when her legally appointed guardian ad litem refuses to do so.

The defendant claims that the language of General Statutes § 45-54[1] authorizing the appointment of a guardian ad litem for incompetent persons, clearly conveys that the appointed guardian ad litem "was the only proper party to bring the appeal in this matter because it was he, alone, who was authorized to represent the interests of his ward." Indeed, there is authority that "[a]s a general rule, where a person has been adjudged incompetent, and a conservator, guardian, or committee has been appointed for him, he may not institute an action in his own name or by a next friend; any action on his behalf

[1] "[General Statutes] Sec. 45-54. APPOINTMENT OF GUARDIAN AD LITEM. When, in any proceeding before a court of probate, the court of common pleas, the juvenile court, or the superior court, whether acting upon an appeal from probate or otherwise, it appears that one or more persons as individuals, or as members of a designated class or otherwise, have or may have an interest in such proceeding, and that one or more of such persons are minors, incompetent persons or persons undetermined or unborn at the time of such proceeding, the court may appoint a guardian ad litem for any of such minors or incompetent, undetermined or unborn persons, or may appoint one guardian ad litem for two or more of such minors or incompetent, undetermined or unborn persons. Any order or decree passed or action taken in any such proceeding shall affect all such minors, incompetent persons or persons thereafter born or determined for whom such guardian ad litem has been appointed, in the same manner as if they had been of full age and competent and present in court after legal notice at the time of such action or the passing of such order or decree. Any appointment of a guardian ad litem may be made with or without notice and, if it appears to

must be commenced by the conservator, guardian, or committee." 41 Am. Jur. 2d, Incompetent Persons, § 118.

It should be remembered, however, that the purpose of authorizing a guardian ad litem is to ensure that the interests of the ward are well represented. See *Kirwan* v. *State,* supra, 502. Its purpose is not, as was stated in *Morris* v. *Russell,* 120 Utah 545, 553, 236 P.2d 451, "to burden nor hinder them in enforcing their rights; nor to confer any privilege or advantage on persons who claim adversely to them." In order that this purpose be fulfilled, certain exceptional situations warrant the allowance of suit on behalf of the incompetent by a next friend. In both *Cleveland's Appeal,* 72 Conn. 340, 44 A. 476, and *Wentz's Appeal,* 76 Conn. 405, 56 A. 625, suit was brought by a next friend on behalf of a plaintiff adjudicated incompetent, challenging the continuance of the appointment of a conservator. Clearly, in such cases, the interests of the incompetent may well best be served by the continued

such court that it is for the best interests of a minor having a parent or guardian to have as guardian ad litem some person other than such parent or guardian, such court may appoint some disinterested person to be such guardian ad litem. When such appointment is made in connection with the settlement of the estate of a deceased person or the settlement of the account of a trustee or other fiduciary, the person so appointed shall be authorized to represent such minor or incompetent, undetermined or unborn person in all proceedings for the settlement of such estate or such account and subsequent accounts of such trustee or other fiduciary, or until his appointment is terminated by death, resignation or removal. Such guardian may be removed by the court which appointed him, without notice, whenever it appears to such court to be for the best interests of the ward or wards of such guardian. Any guardian ad litem appointed under the provisions of this section may be allowed reasonable compensation by the court appointing him and the same shall be paid as a part of the expenses of administration. Such appointment shall not be mandatory, but shall be within the discretion of the court."

service of the conservator, yet, in order that the situation be reviewed, the court allowed suit by the next friend. See also 41 Am. Jur. 2d, Incompetent Persons, § 118.

It is significant that the legal disability of an incompetent is analogous to that of a minor. See *Brown* v. *Eggleston,* 53 Conn. 110, 119, 2 A. 321. In each case, the purpose of providing representation is to ensure that the legal disability imposed will not undermine adequate protection of a ward's interest. 39 Am. Jur. 2d, Guardian and Ward, § 1. Indeed, the forerunner of General Statutes § 45-54, which provided for the appointment of a guardian ad litem only for minors, was amended in 1939, § 1286e, to extend such coverage to incompetents without distinction between either class, an act indicative of the similarity of concern shown to each group by the legislature. Because it has long been an established practice in this state for a minor to bring a court action by a next friend; *Collins* v. *York,* 159 Conn. 150, 155, 267 A.2d 668; *Apthrop* v. *Backus,* Kirby 407, 411; *Hinman* v. *Taylor,* 2 Conn. 357; even in the absence of the court's authorization of such representation; *McCarrick* v. *Kealy,* 70 Conn. 642, 646, 40 A. 603; the allowance of such a practice on behalf of an incompetent is in accord with the tradition of this court as well as the intent of the legislature as expressed in General Statutes § 45-54.

Although in the present case the interests of the plaintiff and those of the appointed guardian ad litem are not clearly antagonistic, and, indeed, the failure of the guardian ad litem to bring an appeal may well be in the plaintiff's best interest, a procedure initiated to protect her interests should not

be utilized to hinder her in obtaining a review of any action involving her rights. Consequently, we hold that where, as here, those appointed to protect the interest of an incompetent fail to appeal from a decision in which the incompetent has a real interest, an action may be brought by a next friend in order that a court may review the substantive issues involved.

As to the plea in abatement issue, the court was not in error in sustaining the plea since the plaintiff did not appear either by guardian ad litem or by next friend.

There is no error.

In this opinion the other judges concurred.