[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS (#101)
This is a negligence action, brought by a minor and his parents against a decedent's estate, seeking compensation for injuries and damages for negligent infliction of emotional distress.
On October 27, 1992, the plaintiffs filed a complaint alleging that on September 30, 1989, the minor plaintiff, Brandon Rausch, was struck by an automobile driven by the decedent, William A. Boyd. The defendant is the executor of Boyd's estate. The minor plaintiff, by his mother Meta as next friend, brought the first count, alleging that the minor plaintiff, as a lawful pedestrian, sustained serious injuries with medical expenses in excess of $100,000.00. as a result of defendant's negligence. The minor plaintiff's mother brought the second count, which alleges that as a result of the accident and defendant's negligence, she incurred over $100,000.00 in medical expenses, and that further treatment will be necessary for her son. Both of the minor plaintiff's parents, Frank and Meta Rausch, brought the third count for negligent infliction of emotional distress, alleging that, from across the street, they witnessed their son being struck by the defendant's car.
On December 11, 1992, the defendant filed a motion to dismiss CT Page 4573 the plaintiffs' complaint on the ground that the writ of summons did not designate a guardian or next friend for the minor plaintiff. Pursuant to Practice Book 143, the defendant filed a memorandum of law in support of its motion to dismiss. On February 2, 1993, the plaintiffs filed a timely memorandum in opposition to defendant's motion.
The motion to dismiss is the proper vehicle for claiming lack of jurisdiction in the trial court. Upson v. State,190 Conn. 622, 461 A.2d 991, 625 (1983). This motion shall always be filed with a supporting memorandum of law and where appropriate, with supporting affidavits as to facts not apparent on the record. Practice Book 143; Barde v. Board of Trustees, 207 Conn. 59, 62539 A.2d 1000 (1988). A motion to dismiss admits all facts which are well pleaded, invokes the existing record, and must be decided on that alone. Id.
The defendant argues in its memorandum in support of its motion to dismiss that, under Connecticut law, a minor may bring a civil action only by a guardian or next friend, yet the plaintiff's writ of summons did not indicate that this action involved a minor. The defendant further alleges that even though the complaint named the minor's mother as next friend, "it is the summons that controls the formal designation of the pleadings."
The plaintiffs argue that the omission of the minor plaintiff's next friend was a circumstantial error under General Statutes 52-123. The plaintiffs further argue that the defendant was served with both the summons and the complaint and was admittedly aware that the minor's mother was bringing the action on behalf of her son, so the defendant was not prejudiced by the error in the writ.
In is a long-established practice that a minor may bring a civil action only by a guardian or next friend. Collins v. York,159 Conn. 150, 159, 267 A.2d 668 (1970); see also Cottrell v. Connecticut Bank Trust Co., 175 Conn. 257, 398 A.2d 307 (1978). The plaintiffs do not dispute that this practice exists.
The practice rules provide that mesne process in civil actions shall be a writ of summons or attachment, describing the parties, the court to which it is returnable and the time and place of appearance, and shall be accompanied by the plaintiff's complaint. Practice Book 49. Proper service of process of the writ of summons is a prerequisite to jurisdiction over the CT Page 4574 defendant. Hillman v. Town of Greenwich, 217 Conn. 520, 526,587 A.2d 999 (1991).
However, "beginning in the middle of the nineteenth century, . . . our legislature enacted numerous procedural reforms . . . in order generally to provide errant parties with an opportunity for cases to be resolved on their merits rather than dismissed for some technical flaw." Andrew Ansaldi Co. v. Planning 
Zoning Committee, 207 Conn. 67, 75-6, 540 A.2d 59 (1988). General Statutes 52-123, an example of such reform; id., provides that:
 No writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes, or defects, if the person and cause may be rightly understood and intended by the court.
Section 52-123 is used to provide relief from defects found in the text of the writ. Rogozinski v. American Food Service Equipment Corp., 211 Conn. 431, 435, 559 A.2d 1110 (1989). "It is not the policy of our courts to interpret rules and statutes in so strict a manner as to deny a litigant the pursuit of its complaint for mere circumstantial defects." Hartford National Bank Trust Co. v. Tucker, 178 Conn. 472, 477-8, 423 A.2d 141
(1979), cert. denied, 445 U.S. 904, 100 S.Ct. 1079,63 L.Ed.2d 319 (1980), quoting Johnson v. Zoning Board of Appeals,165 Conn. 102, 111, 347 A.2d 53 (1974). See also Pack v. Burns,212 Conn. 381, 384-85, 562 A.2d 24 (1989).
The courts have not addressed whether the failure to name a guardian for a minor plaintiff is a circumstantial or substantive error. However, one court held that failure to name a party defendant in the writ is a circumstantial error if the proper defendant is named in the complaint. See De Leo v. City of Stamford, 7 CTLR 206 (August 7, 1992, Rush, J.).
Absent a statute requiring strict compliance of prejudice to the defendant, an error on a writ should be considered circumstantial under 52-123. "The purpose [of 52-123 is to prevent abatement of proceedings as long as there is notice to all parties." Hartford National Bank Trust Co. v. Tucker, supra, 478. The defendant received both the writ and the complaint at the same time. The complaint named the minor plaintiff's mother CT Page 4575 as next friend, so the defendant had notice of the parties to the action and was not prejudiced by the plaintiffs error. The plaintiffs' error falls within General Statutes 52-123, and the purpose of the statute is best served by allowing the plaintiffs to proceed with their action. Accordingly, the defendant's motion to dismiss is denied.
HIGGINS, J.