[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS
On April 6, 1993, plaintiff, Thomas F. Brown, Esq., applied to the probate court to have Ruth Villano declared incompetent and to have a conservator appointed for her. The probate court, Keyes, J., conducted a hearing on the application, and, on May 11, 1993, the court appointed the two children of the respondent as Co-Conservators of the person and estate. In addition, pursuant to a request of the proposed Executor of the respondent's estate the court ordered the co-conservators to account for all monies expended since the date of Vincent Villano's death within thirty days of their appointment.
On July 29, 1993, the court, Keyes, J., further ordered the appointment of Thomas F. Brown, Esq. as attorney for Ruth Villano, "a respondent or ward who is presently without counsel and unable request or obtain counsel."
The co-conservators, William Villano and Sandra Villano, filed an account with the probate court on December 2, 1993, to which the plaintiff filed an objection. The court, Keyes, J., however, approved the account on March 1, 1994.
The plaintiff filed a Motion for Appeal from Probate on March 22, 1994, claiming that "[t]he subscriber, as a representative of said Ruth Villano, states that she is aggrieved by the Order and CT Page 6910 Decree of this Court." The court, Keyes, J., granted the plaintiff's motion on March 15, 1994. Before the court at this time is a motion to dismiss the appeal filed by William Villano and Sandra Villano, co-conservators of the Estate of Ruth Villano, (defendants).
It is the defendants' position that the plaintiff was appointed to represent Ruth Villano as her attorney, not as her guardian ad litem, and that this distinction is fatal to plaintiff's standing to appeal the probate court's order allowing the power-of-attorney accounting and to this court's jurisdiction to hear said appeal.
Defendants maintain that, as a protected person who has been adjudicated incompetent and who is under a conservatorship, Ruth Villano's right to initiate a legal action is restricted. They argue that the judgment of co-conservators, or of a guardian ad litem, is largely substituted for such an individual, and that the single exception "is in her dealings with her co-conservators, whose acts, qua co-conservators, are subject to challenge by her through her duly appointed counsel, Atty. Brown." (Emphasis in original.) Defendants contend, however, that "[t]he conduct of her attorney-in-fact, acting under a durable power or attorney, does not fall within the exception to the general rule." Thus, they argue that "such conduct, even if reviewable by a Probate Court is not subject to independent review or appellate challenge by her." Plaintiff counters that the probate court order, which required the co-conservators to go back in time to September 4, 1991 and produce a full and complete accounting of all expenditures, was not directed to William Villano as having power-of-attorney.
Rather, he maintains that the order was directed to William and Sandra Villano as co-conservators. Plaintiff argues that, as Ruth Villano's court-appointed attorney, he is her representative in this matter, and that the issue is whether or not the person for whom the representative is acting is aggrieved by the decision of the Probate Court. He contends that Ruth Villano is aggrieved and that it is her interest that "is most affected by the decision of the Probate Court in accepting or rejecting the account . . . ."
A motion to dismiss tests whether, on the face of the record, the court lacks jurisdiction; Upson v. State, 190 Conn. 622, 624,461 A.2d 991 (1983); and "[t]he issue of standing implicates the CT Page 6911 court's subject matter jurisdiction." (Citation omitted.) Appealfrom Probate of Bencivenga, 30 Conn. App. 334, 337, 620 A.2d 195
(1993), aff'd, 228 Conn. 439, ___ A.2d ___ (1994).
The right to appeal from a decision of a probate court is statutorily conferred by General Statutes § 45a-186 (formerly §45-288).[1] Therefore, "`the absence of aggrievement, as required by that statute, is a defect that deprives the Superior Court of jurisdiction to entertain the appeal.'" (Citations omitted.)Baskin's Appeal from Probate, 194 Conn. 635, 637, 484 A.2d 934
(1984).
"[T]he existence of aggrievement depends upon `whether there is a possibility, as distinguished from a certainty, that some legally protected interest which [an appellant] has in the estate has been adversely affected.'" (Citations omitted.) MerrimacAssociates, Inc. v. DiSesa, 180 Conn. 511, 516, 429 A.2d 967
(1980). A motion for appeal must set forth "(1) the interest of the appellant in the subject matter of the decree or order appealed from . . . and (2) the adverse effect of the decree or order on that interest." (Citation omitted.) Id. The interest which is adversely affected must be "a direct interest in the subject matter of the decree from which the appeal is taken." Id., 516-17. "[A] mere conclusory claim that the plaintiff is aggrieved is insufficient." (Citations omitted.) Lenge v. Goldfarb, 169 Conn. 218,221, 363 A.2d 110 (1975).
"One who has the legal duty to protect the interests of another has standing to appeal an order which adversely affects those interests." (Citations omitted). Maloney v. Taplin,154 Conn. 247, 251, 224 A.2d 731 (1966). "[P]ersons as to whom a right of appeal is recognized are those who are acting in a fiduciary orrepresentative capacity under a subsisting appointment which has not been terminated, by revocation or otherwise, and who therefore are under present duty to protect the estate from diversion." (Emphasis provided.) (Citation omitted.) Avery's Appeal, 117 Conn. 201,204-05, 167 A. 544 (1933).
Regarding the legal disability of incompetents and minors, "the purpose of providing representation is to ensure that the legal disability imposed will not undermine adequate protection of a ward's interest." Cottrell v. Connecticut Bank Trust Co.,175 Conn. 257, 264, 398 A.2d 307 (1978). In Cottrell, the issue was whether an individual, who had been found incompetent, could appeal from a probate court order in her own name as an aggrieved party CT Page 6912 when the court had appointed both a guardian ad litem and a conservator for her. Id., 259. The court determined that the plaintiff could not bring a suit or an appeal in her own behalf. Id., 261. The court observed that, concerning the present proceedings, which involved the settlement of the plaintiff's mother's estate, the appointed guardian ad litem had been charged with the duty to represent the plaintiff, but the guardian had refused to appeal from the probate order. Id., 262. The court held that when "those appointed to protect the interest of an incompetent fail to appeal from a decision in which the incompetent has a real interest, an action may be brought by a next friend in order that a court may review the substantive issues involved." Id., 265.
Two superior court cases directly address the issue of aggrievement with respect to an attorney acting as the legal representative of an individual found to be "incapable."
In Rizzo v. Estate of Angelina Rizzo, Superior Court, judicial district of Middlesex, Docket No. 68719, (October 15, 1993, Walsh, J.), plaintiffs, Salvatore Rizzo, a potential heir-at-law, and William G. Grady, the court-appointed attorney of Angelina Rizzo, an "incapable," appealed from the denial of their application to remove the co-conservators of Angelina's estate. The appeal alleged a conflict of interest on the part of the conservators. A motion to dismiss was filed that challenged the plaintiffs' standing to bring the appeal based on a lack of aggrievement. The court granted the motion to dismiss as to Salvatore Rizzo, but denied it with respect to Grady. The court observed that Grady had sufficiently alleged that he was Angelina's court-appointed legal representative, and that he had a duty to protect her interests. The court further emphasized that the pleadings also sufficiently alleged a conflict on the part of the conservator, and a possible adverse affect from the decree appealed from. The court determined that Grady had standing to appeal the legal interests of Angelina, and that he was an aggrieved party within the meaning of General Statutes § 45a-186.
In a companion case, Rizzo v. Magnano, 8 CSCR 933 (August 5, 1993, Higgins, J.), Salvatore Rizzo and Angelina Rizzo, through her attorney, Grady, appealed from a probate court order that rendered a decree with respect to the will of Angelina's deceased sister. A motion to dismiss the appeal was filed by the co-executors of the estate, in pertinent part, on the ground of lack of aggrievement. The court granted the motion as to Salvatore Rizzo, but denied the CT Page 6913 motion as to Grady.
The court found that "there is a possibility that some legally protected interest held by Angelina Rizzo may be adversely affected[,]" and that, "as Angelina Rizzo's alleged legal representative, Grady may have a legal or fiduciary duty to protect the interests of Angelina Rizzo." Id.
In the present case, the plaintiff, in his representative capacity, appeals from the probate court's order approving the accounting filed by the co-conservators. It is his claim that the accounting fails to identify the recipients of monies disbursed from Ruth Villano's funds, and that it fails to account for large sums disbursed out of Ruth Villano's funds. In addition, the plaintiff states that payments were made from Ruth Villano's funds that neither benefited her, nor her estate, that defendants took unauthorized sums of money and personal property from Ruth Villano, that all Ruth Villano's income has not been accounted for, and that large sums of money have been expended "on real property of Ruth Villano, which has not been used for her benefit."
A motion to dismiss admits all well-pleaded facts and construes them in the light most favorable to the plaintiff.Duguay v. Hopkins, 191 Conn. 222, 227, 464 A.2d 45 (1983). The plaintiff has alleged sufficient facts to suggest that Ruth Villano's interest, in the allegedly unaccounted for and unauthorized disbursements of sums from her "funds" and the alleged deprivation of her personal property, will be adversely affected by the probate court order appealed from. Ruth Villano, who has been adjudged incapacitated, may not bring an appeal on her own behalf; see Cottrell v. Connecticut Bank Trust Co., supra, 175 Conn. 261; but the plaintiff, by virtue of his court appointment as Ruth Villano's attorney, has a legal duty to represent and protect her interests.
Accordingly, it is found by the court that plaintiff has standing to appeal from the order of the probate court on behalf of Ruth Villano, and therefore the defendants' motion to dismiss is denied.