[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On October 7, 1992, the minor, Max Frisco, was delivered by Dr. William F. Cirmo. On October 8, 1992, Dr. Patrick T. O'Regan performed a circumcision on the plaintiff. On January 6, 1995, the plaintiff, Max Frisco, by his parent and guardian, Melinda Frisco, filed a complaint against the defendant, O'Regan Cirmo, P.C., alleging that the circumcision was negligently performed causing the plaintiff to suffer severe injuries.
On March 9, 1995, the defendant filed a motion to dismiss on CT Page 5931 the ground that Max Frisco, a minor, failed to name a guardian or next friend in the writ of summons, causing process to be insufficient. As required by Practice Book § 143, on the same date, the defendant filed a memorandum in support of its motion to dismiss.
On May 9, 1995, the plaintiff filed an objection to the defendant's motion to dismiss. The plaintiff argues that General Statutes § 52-45a,[1] detailing the requirements for sufficiency of process, was satisfied. The plaintiff further argues that if the court finds that the writ of summons is defective, such defect is circumstantial and curable under General Statutes § 52-123.[2]
The purpose of a motion to dismiss is to "contest the court's jurisdiction." Practice Book § 142. See also Southport ManorConvalescent Center, Inc. v. Foley, 216 Conn. 11, 16,578 A.2d 646 (1990). "[A] motion to dismiss . . . attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Citations omitted.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1990).
The Practice Book lists five situations in which a motion to dismiss is appropriate. Section 143 provides that "the motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process." See also Zizka v. WaterPollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509
(1985).
In determining whether to grant or deny the motion to dismiss, the court "admits all facts which are well pleaded . . [and] invokes the existing record." Barde v. Board of Trustees,207 Conn. 59, 62, 539 A.2d 1000 (1988). Furthermore, the complaint must be construed "most favorably to the plaintiff."Duguay v. Hopkins, 191 Conn. 222, 227, 464 A.2d 45 (1983).
In Rausch v. Estate of Boyd, Superior Court, judicial district of Middlesex, Docket No. 67470 (May 10, 1993, Higgins, J., 8 CSCR 602), the court addressed this exact issue of whether a motion to dismiss should be granted "on the ground that the writ of summons did not designate a guardian or next friend for the minor plaintiff." See also Natale v. Henry, Superior Court, CT Page 5932 judicial district of Stamford/Norwalk at Stamford, Docket No. 0111219 (June 1, 1992, Rush, J.). In Rausch v. Estate of Boyd,
supra, 8 CSCR 602, the court recognized that "[it] is a long-established practice that a minor may bring a civil action only by a guardian or next friend." Id. However, the court also noted that "`beginning in the middle of the nineteenth century, . . . our legislature enacted numerous procedural reforms . . . in order generally to provide errant parties with an opportunity for cases to be resolved on their merits rather than dismissed for some technical flaw."' Id.
The court identified General Statutes § 52-123 as an example of such reform. "Section 52-123 is used to provide relief from defects found in the text of the writ . . . `It is not the policy of our courts to interpret rules and statutes in so strict a manner as to deny a litigant the pursuit of its complaint for mere circumstantial defects."' (Citation omitted.) Id. The court concluded that "[a]bsent a statute requiring strict compliance of prejudice to the defendant, an error on a writ should be considered circumstantial under 52-123." Id., 603. The court also noted that "`[t]he purpose [of 52-103] is to prevent abatement of proceedings as long as there is notice to all parties."' Id.
In Rausch v. Estate of Boyd, supra, the court found that "[t]he defendant received both the writ and the complaint at the same time. The complaint named the minor if plaintiff's mother as next friend, so the defendant had notice of the parties to the action and was not prejudiced by the plaintiffs error." The court held that "[t]he plaintiffs' error falls within General Statutes § 52-123, and the purpose of the statute is best served by allowing the plaintiffs to proceed with their action." Id. The court, accordingly, denied the defendant's motion to dismiss. Id.
In the present case, the plaintiff's complaint, naming his mother as guardian, similarly gave the defendant notice of the parties to the action and prevented prejudice from the error in the writ of summons. Therefore, the defendant's motion to dismiss is denied.
Howard F. Zoarski State Trial Referee