[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff in this action seeks payment for medical services rendered to the defendant. The defendant has denied that he has failed, refused, and/or neglected to make payment and he has also interposed two special defenses. The first special defense states that "the defendant was non compos mentis at the time services were rendered", and the second special defense alleges that the defendant "obtained said services with the understanding that Medicare was to pay any hospital bills." The plaintiff has now moved to strike both special defenses alleging that they are legally insufficient and do not show that the plaintiff has no cause of action.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" NovametrixMedical Systems Inc. v. BOC Group. Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Id., 215. "The court must construe the facts in the complaint most favorably to the plaintiff." Id. The motion "admits all facts well pleaded."Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). A motion to strike "does not admit legal conclusions or the truthor accuracy of opinions stated in the pleadings." (Emphasis in original.) Mingachos v. CBS. Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). Further, the court must construe the facts in the pleadings which are the subject of the motion to strike in the light most favorable to the pleader. Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170, 544 A.2d 1185 (1988).
"The fundamental purpose of a special defense, like other pleadings, is to apprise the court and opposing counsel of the issues to be tried, so that basic issues are not concealed until the trial is underway." Bennett v. Automobile Ins. Co. ofHartford, 230 Conn. 795, 802, 646 A.2d 806 (1994). "As a general rule, facts must be pleaded as a special defense when they are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Id.
"A motion to strike is the proper method of challenging the legal sufficiency of a special defense". Krasnow v. Christensen, CT Page 34240 Conn. Sup. 287, 288, 492 A.2d 850 (1985); Practice Book Sec. 152(5).
As to the first special defense, the plaintiff acknowledges that Practice Book § 164 states that a defendant must specially allege in a special defense that the defendant was non compos mentis.[1] It contends, however, that the defense of non compos mentis is only applicable in the case of written instruments, and it refers the court to several cases in which the non compos mentis issue arose in the context of a written instrument. See, e.g., Irvin et al v. Hosanna Ministry. Inc. etal, CV 94-048157S, Judicial District of Ansonia-Milford at Milford (Skolnick, J., November 8, 1995). See, also, Nichols v.Nichols, 79 Conn. 644, 657 (1907).
The court has not found any case standing for the proposition that the defense of non compos mentis is limited to written contracts, however, and general statements of the rule do not make such a distinction. "[I]n Connecticut a party may avoid certain contractual obligations on the ground that at the time they were entered into he or she was mentally incapacitated."Cotrell v. Connecticut Bank Trust Co., 175 Conn. 257, 261,398 A.2d 307 (1978). Evidence may be considered as to the mind of the alleged incompetent "before, at, and after his contract, in order to ascertain his real condition at the moment of entering into an agreement." Grant v. Thompson, 4 Conn. 203, 208 (1822).
Although some of the cases arise in the context of written instruments and refer to such instruments in their decisions, there is no reason why the rule should be limited to such situations, Indeed the Restatement (Second), Contracts, § 12 (1981) makes no such distinction:
 (1) No one can be bound by contract who has not legal capacity to incur at least voidable contractual duties. Capacity to contract may be partial and its existence in respect of a particular transaction may depend upon the nature of the transaction or upon other circumstances.
The first special defense is thus legally sufficient and, if proved, would show that the plaintiff has no cause of action. The motion to strike it, therefore, is denied.
As to the second special defense, the defendant argues that Practice Book § 164 requires that the special defense of CT Page 343 payment be raised by way of a special defense. The special defense in this case, however, does not allege payment, but rather the defendant's understanding that Medicare was to pay any hospital bills. Such a special defense is insufficient and would not, if proved, establish that the plaintiff has no cause of action. The motion to strike the second special defense is therefore granted.
Jonathan E. Silbert, Judge