[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
This is an appeal from probate. Mary Silks (plaintiff) challenges the probate court's finding that she lacks standing and further claims an abuse of discretion on the part of the probate court in its denial of the plaintiff's Order of Removal of Conservator.
A review of the facts is necessary to an understanding of the issues. The plaintiff is the beneficiary and contingent executrix under the wills of Irene B. Wallace and her husband, Thomas B. Wallace. Both Irene B. Wallace and Thomas D. Wallace executed these wills on August 24, 1995. Mary Silks was named the beneficiary of the entire estates of both spouses. The wills name Mary Silks as the successor or substitute executrix in the event that one of the spouses cannot serve in that capacity.
Additionally on August 24, 1995, both Irene B. Wallace and Thomas B. Wallace named the plaintiff in living wills as the alternative health care agents for both if either was unable to serve in that capacity.
On January 10, 1996 David Esposito Esq. and Fred Sette Esq. were appointed as conservators on behalf of both Irene and Thomas Wallace due to their incapacity.
On January 19, 1996, a hearing was held in the Probate Court of Hamden on the conservator's Motion to Expend filed by Irene B. Wallace's conservator and a Motion to Commingle submitted by the conservator of Thomas B. Wallace. The probate court gave notice to Mary Silks of this hearing and permitted her to be heard on the issues. Mary Silks was allowed to present evidence at this hearing. At this hearing, Mary Silks objected to the pending motions and moved the Probate court to implement revocable marital trusts for both Irene B. and Thomas B. Wallace, which would result in considerable successive tax savings.
Both conservators filed Applications For Advice And/Or Authority to which the Probate Court scheduled hearings and once again gave notice to the plaintiff. On May 29, 1997, the probate court authorized the conservators to enter into revocable marital CT Page 5381 trusts.
On October 1, 1997, Thomas B. Wallace died. On October 15, 1997 Mary Silks was appointed executrix for the estate of Thomas B. Wallace. Also on October 1, 1997, Mary Silks moved the probate court to remove David Esposito, Esq. as conservator of the estate of Irene B. Wallace and alleged in her application that on or about May 31, 1996, David Esposito as conservator filed an inventory of the estate of Irene B. Wallace with the probate court listing total assets in the amount of $1,171,048.43. Also, attorney David Esposito, as conservator, filed a periodic accounting of the estate of Irene B. Wallace for the period of January 2, 1996 to January 31, 1997. The periodic accounting showed income to the estate of Irene B. Wallace in the amount of $142,908.88 for a total, including assets and income of $1,313,957.31.
The Application for Order of Removal also alleged that the periodic accounting showed payments and distributions made by the conservator in the amount of $401,697.58.
Mary Silks in her application claimed that these payments diminished the estate of Irene B. Wallace by thirty four percent leaving a total of $880,227.31. In addition, it was alleged that these payments were excessive and wasteful.
The Probate Court on October 1st, 1997 ruled that Mary Silks lacked standing to be heard on her application and it is from this ruling that this appeal has been taken.
The defendant has filed a Motion to Strike claiming the plaintiff lacks standing to bring this appeal.
In order to prosecute an appeal from a probate court it is necessary that the plaintiff be aggrieved within the meaning of § 45 a -186 of the Conn. General Statutes "Aggrievement as a concept of standing is a practical and functional one designed to assure that only those with a genuine and legitimate interest can appeal from an order of a probate court." Erisosty's Appeal FromProbate, 216 Conn. 514, 519 (1990).
In determining whether an appellant has a grievance two parts of aggrievement; ; need to examined (1) the nature of the appellant's interest and (2) the adverse affect, if any, of the probate court's decision on that interest. Hartford KosherCT Page 5382Caterers v. Gadza, 165 Conn. 478 (1973).
This court notes that despite the nature of this controversy, the probate court has not exercised it's powers under Conn. General Statutes § 45a-132 and appointed a guardian ad litem for Irene B. Wallace. The appointment of a conservator indicates a judgment that Irene B. Wallace is incapable of managing her own affairs and of representing her own interests. She is incapable, therefore, of bringing an appeal in her own behalf.
The law does not deprive a person adjudicated incompetent of access to the courts in order to seek redress; rather, provisions are made to ensure that such interests are well represented.Kirwan v. State, 168 Conn. 498,502. A guardian ad litem is the legislative choice to represent the interests of the incompetent in this situation, but none has been appointed in this case.
In Cottrell v. Connecticut Bank Trust Co.,175 Conn. App. 257, our courts have recognized that certain exceptional circumstances warrant the allowance of suit on behalf of an incompetent by a next friend. Cottrell involved a case in which an incompetent had both a conservator and guardian ad litem. The guardian ad litem had refused to appeal from an order of the probate court. The appellate court allowed the next friend to bring the appeal because to do otherwise would put the incompetent in a position where no one could represent her interests in a claim against the conservator. See alsoCleveland's Appeal, 72 Conn. 340 and Wentz's Appeal, 76 Conn. 405
in which a suit was brought on behalf of a plaintiff adjudicated incompetent, challenging the continuance of the appointment of a conservator.
Within the context of these facts an even more compelling case can be made for the allowance of Mary Silks to bring this appeal as the next friend of the incompetent. Mary Silks is the sole heir of Irene B. Wallace, a situation that allows this court to conclude that a close, personal and trusting relationship existed between Irene B. Wallace and Mary Silks. Irene B. Wallace also designated Mary Silks as her health care agent in a living will executed at the same time as her last will and testament. Mary Silks is the executrix of the will of Thomas B. Wallace which are all further evidence of the high regard in which Irene B. Wallace held Mary Silks. No stronger case could be made for the conclusion that Mary Silks is the next friend of Irene B. Wallace. The fact that the probate court on previous occasions CT Page 5383 allowed Mary Silks to appear and be heard and the fact that her requests were ultimately adopted by the probate court is another reason to allow this suit to be brought by Mary Silks as a next friend.
As the next friend of Irene B. Wallace, Mary Silks does have standing to bring this appeal. This court rules that in this situation, involving allegations of waste of the assets of an incompetent by a conservator, that in the absence of a guardian ad litem a next friend satisfies the test for aggrievement and can bring suit on behalf of the incompetent.
The Motion to Strike is Denied.
O'KEEFE, J.