[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
This matter comes before the court on defendant's Motion for Summary Judgment of the plaintiff's seven count complaint.
The defendant, Christian Counseling Center of Southeastern, CT Inc., also known as Daybreak Christian Counseling Center ("Daybreak"), is a Christian philosophy based mental health counseling center. The plaintiff, Toni Grigg (f/n/a Toni Smith), was a patient at Daybreak during the period commencing about February of 1990 through about October of 1995. During said period of time the plaintiff received mental health counseling from a pastoral counselor. The plaintiff alleges that during the period commencing about December of 1991 and ending about October of 1995, she was continually and regularly assaulted by the pastoral counselor during her course of therapy.
On January 9, 1996, the plaintiff signed a settlement agreement and release whereby she agreed not to pursue any legal claims against the pastoral counselor and Daybreak.
On January 7, 1998, the plaintiff filed a seven count complaint against the defendant alleging malpractice, intentional infliction of emotional distress and a violation of CUTPA stemming from the aforementioned conduct. The plaintiff further alleges conduct on the part of the defendant which constituted defamation and interference with prospective advantage.
On November 10, 1997, the defendant filed a motion for summary judgment. The defendant also filed a memorandum in support of its motion. On December 23, 1997 the plaintiff filed an objection to the defendant's motion for summary judgment and a memorandum of law in support of her motion.
"Practice Book § 384 [now Practice Book (1998 Rev.) § 17-49], provides summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and the moving CT Page 13840 party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Haesche v. Kissner, 229 Conn. 213, 217,640 A.2d 89 (1994).
The defendant argues that the plaintiff asserted the same claims against the pastoral counselor and Daybreak in 1995 for which she received $50,000 in consideration for the settlement and release of her claims and, therefore, the plaintiff is barred from asserting the same claims in the instant action. In opposition, the plaintiff argues that issues of fact exist as to whether she lacked the mental capacity to enter into the settlement agreement and release.
"In Connecticut a party may avoid certain contractual obligations on the ground that at the time they were entered into he or she was mentally incapacitated." Cotrell v. ConnecticutBank Trust Co., 175 Conn. 257, 261, 398 A.2d 307 (1978). "The time honored test of the mental capacity of a person to make a contract or to execute a deed is whether at the time of the transaction she possessed understanding sufficient to enable her to comprehend the nature, extent and consequence of the transaction. Nichols v. Nichols, 79 Conn. 644, 657 (1907)."Wendland v. Santiago, Superior Court, Judicial District of New London at Norwich, Docket No. 092110 (January 8, 1991, Teller, J.
(___ C.S.C.R. ___). "Evidence may be considered as to the mind of the alleged incompetent before, at, and after his contract, in order to ascertain his real condition at the moment of entering into an agreement." Ervin v. Hosanna Ministry, Inc., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 048157 (November 8, 1995, Skolnick, J.)(___ CONN. L. RPTR. ___).
In the vast majority of courts, the question of capacity depends upon whether the allegedly incapable person had sufficient reason to enable him to understand the nature and effect of the act in dispute." 5 S. Williston, Contracts (4th Ed. 1993) § 10:8, p. 284-85. "Since all persons are presumed to be of sound mind, the burden of proving incompetency is on the party asserting it." Id., 308.
The plaintiff's evidence is insufficient to establish a genuine issue of fact as to her lack of mental capacity at the time in question. To support her claim of mental incapacity, she has filed: (1) a sworn affidavit in which she swears that she was "unable to understand" the overall effect of the release; (2) a CT Page 13841 sworn affidavit of the plaintiff's psychologist, Richard Cerniglia, who swears that the plaintiff suffered "psychological and emotional damage, degradation and embarrassment" as a result of the alleged assaults; and (3) an uncertified copy of excerpts from the plaintiff's February 12, 1998 deposition.
The plaintiff's sworn affidavit, in which she swears that she did not understand the ramifications of the release is self-serving and is inconclusive as a matter of law. See Kriderv. Zimmerman, Superior Court, judicial district of New London at Norwich, Docket No. 107282 (December 5, 1996, Booth, J.)(___ CONN. L. RPTR. ___).
The affidavit of the psychologist, stating that the alleged assaultive episodes had caused the plaintiff to experience "psychological and emotional damage, degradation and embarrassment", does not assert that said condition had the effect of altering the plaintiff's ability to understand or comprehend matters at that time.
Finally, "[u]ncertified copies of excerpts of deposition transcripts are not admissible as evidence and do not comply with the requirements of Practice Book § 380 . . . A response to a question propounded in a deposition is not a judicial admission." (Internal quotation marks omitted.) Krider v. Zimmerman, supra, Superior Court, Docket No. 107282. Accordingly, the court need not consider such evidence in deciding a motion for summary judgment.
Assuming arguendo, that the court were to accept the plaintiff's deposition testimony to oppose the motion for summary judgment, nonetheless' the deposition fails to affirmatively raise a genuine issue of fact as to the plaintiff's mental incapacity at the time in question. The plaintiff, based on her own testimony, appears to have sufficiently understood the ramifications of the settlement agreement and release. The following excerpt of the plaintiff's deposition transcript is particularly revealing to the court: "I understood the agreement. The worst thing that bothered me was the fact that I could not take any action against the counseling center, and that this agreement was silencing me to never be able to speak to anybody about it. And that was very, that was a very difficult aspect of the agreement. I still at that point decided to sign it, because I felt as though I had no other alternative given the circumstances that I was living in." (Plaintiff's Deposition, pp. CT Page 13842 106).
The plaintiff further argues that an additional issue to be examined is whether the consideration paid for the settlement and release from liability was so I grossly inadequate as to be indicative of fraud.
"It is an elementary and oft quoted principle that the law will not inquire into the adequacy of consideration so long as the consideration is otherwise valid to support a promise. By this is meant that so long as the requirement of a bargained-for benefit or detriment is satisfied, the fact that the relative value or worth of the exchange is unequal is irrelevant so that anything which fulfills the requirement of consideration will support a promise, regardless of the comparative value of the consideration and of the thing promised. The rule is almost as old as the doctrine of consideration itself." 3 S. Williston, Contracts (4th Ed. 1992) § 7:21, p. 383-86.
"If the requirement of consideration is met, there is no additional requirement of (a) a gain, advantage, or benefit to the promisor or a loss, disadvantage, or detriment to the promisee; or (b) equivalence in the values exchanged; or (c) mutuality of obligation." Rest.2d Contracts. § 79. "The general rule is that, in the absence of fraud or other unconscionable circumstances, a contract will not be rendered unenforceable at the behest of one of the contracting parties merely because of an adequacy of consideration. 1 Williston, Contracts (3d Ed.) 115; 17 Am.Jur.2d, Contracts, 102." Osborne v.Locke Steel Chain Co., 153 Conn. 527, 532-33, 218 A.2d 526
(1966).
In the present case, the plaintiff was paid $50,000 in consideration for the settlement and release of her pending claims. Said consideration is not "so grossly inadequate" as to render the transaction fraudulent. Since said consideration constituted a benefit to the plaintiff, as well as a detriment to the defendant, it was legally sufficient consideration to support the plaintiff's release. Thus, in the absence of fraud, the court is not required to inquire into the adequacy of the consideration.
The plaintiff further argues that a motion for summary judgment may be filed only after the pleadings are closed as between the parties to the action. CT Page 13843
"Until 1963, summary judgment in Connecticut was very narrowly restricted but the 1963 Practice Book greatly expanded the scope of the procedure with the adoption of new rules substantially similar to the procedure provided in the federal rules." Plouffe v. New York, N.H. H.R. Co., 169 Conn. 482, 487,280 A.2d 359 (1971). Formerly, "[u]nder our rules of practice, any party [could] move for summary judgment once the pleadings in a case [were] closed." Cummings v. Lockwood v. Gray,26 Conn. App. 293, 296, 600 A.2d 1040 (1991). Practice Book § [17-44 (formerly § 379)], however, was amended effective October 1, 1992, and now provides that "any party may move for summary judgment at any time, except that the party must obtain the judicial authority's permission to file a motion for summary judgment after the case has been assigned for trial." Practice Book § 17-44 (formerly § 379).
In the instant case, the plaintiff's suit had not been set for trial at the time the defendant's motion for summary judgment was filed. Therefore, the motion was proper.
Lastly, the plaintiff disputes the defendant's assertion that the complaint reasserts the same claims as were settled and for which the plaintiff released the defendant.
All but one of the claims asserted by the plaintiff in her complaint occurred before the execution of the release. By signing the release, the plaintiff agreed to abandon her right to any future claims for losses resulting from the defendant's alleged misconduct. The third count of the plaintiff's complaint, however, alleges conduct by the defendant which occurred after the date of execution of the release and, therefore, is conduct the plaintiff could not have contemplated when signing the agreement.
In count three, the plaintiff alleges that on or about the fifth month after the release was signed the Acting Director of Daybreak falsely and maliciously informed one of the plaintiff's former clients that the plaintiff had acted inappropriately and illegally.
Practice Book § 17-51 (formerly § 386) authorizes the "severance of claims and partial summary judgments[.] "DeLaurentis v. New Haven, 220 Conn. 225, 255 n. 15, 597 A.2d 807
(1991). CT Page 13844
Since the release does not shield the defendant from conduct occurring after its execution, the defendant's motion for summary judgment as to the third count of the plaintiff's complaint be denied.
Summary judgment may enter as to all other counts.
Mihalakos, J.