ROBERT M. MCANERNEY *v.* MONA T. MCANERNEY ET AL.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued June 7—decided July 11, 1973

*Herbert L. Cohen,* with whom was *Richard L. Albrecht,* for the appellant (plaintiff).

*Frank S. Meadow,* with whom was *William F. Gallagher,* for the appellee (named defendant).

*William L. Hadden,* for the appellee (defendant Walter A. Stoecker).

SHAPIRO, J. The plaintiff brought this action for a declaratory judgment seeking to determine whether he continued to be bound by the terms of a separation agreement between him and his former wife, the named defendant, hereinafter called Mrs. McAnerney. Also named as a defendant was Walter

A. Stoecker, against whom was made the claim that because of his continued cohabitation with Mrs. McAnerney, the plaintiff was caused embarrassment and financial loss. Both defendants demurred to the amended complaint on the ground that the complaint failed to state a cause of action against either of them. The court sustained both demurrers. The plaintiff failed to plead over and judgment was rendered on the demurrers sustained. The plaintiff has appealed from the judgment.

The amended complaint alleges that the plaintiff and Mrs. McAnerney were married and have one child;[1] that on December 12, 1966, the McAnerneys entered into a property settlement and separation agreement[2] consisting of twenty-nine paragraphs; that the undertakings, pursuant to the agreement, were to continue until the death or remarriage of Mrs. McAnerney; that the provisions of the agreement were incorporated by reference in a decree of divorce obtained by the plaintiff in Mexico, by which decree the marriage was dissolved on January 9, 1967; that to the date of the amended complaint

[1] The child was seventeen years old when the amended complaint was filed on June 28, 1972. Both parties have joint custody of their daughter who resides with Mrs. McAnerney. The plaintiff alleged that as a result of the defendants' conduct the daughter's morals are likely to be affected adversely. The prayer for relief, however, does not include any claim regarding the child's welfare nor does the assignment of error point to such a claim as having been made. Also, no such claim was made in argument before this court.

[2] After reciting that in consequence of disputes and irreconcilable differences the parties were separated and living apart; that they were desirous of entering into a separation agreement; that each party acting through private counsel was fully advised as to the rights and obligations of each; and that the parties fully understood the terms, conditions and provisions of the agreement and accepted them, the pertinent portions of the agreement read as follows:

"FIRST: It shall be lawful for each of the parties at all times to live separate and apart from each other and to reside from time

(filed June 28, 1972) "the plaintiff has been paying alimony to the defendant" and has provided insurance; that for the past several months and as of the date of the amended complaint, Mrs. McAnerney and the defendant Stoecker have cohabited at her home in Darien, where the defendant Stoecker maintains his residence; that these defendants, for the past several months have continued to live in the community and conduct themselves openly, notoriously and conspicuously, to all intents and purposes, as a married couple; that by such behavior "the defendants have intentionally created a condition which approximates the state of being remarried . . . while circumventing the conditions for termination of alimony, as provided in the agreement and decree of divorce," and that thereby the defendants are being unjustly enriched at the plaintiff's expense, are practicing a deception and are causing him embarrassment, financial loss and damage to his reputation.

The plaintiff sought a declaratory judgment seeking to determine whether he was still bound by the terms of the separation agreement and the decree of

---

to time at such place or places as he or she may select, free from all control, restraint or interference, direct or indirect, by the other, in all respects as if he or she were sole and unmarried. The parties agree not to molest, disturb, trouble or annoy each other in any respect whatsoever nor compel nor endeavor to compel the other to cohabit or dwell with him or her by any legal or other proceeding for the restitution of conjugal rights or otherwise.

"SECOND: (a) The Husband shall during his life, pay to the Wife for her support and maintenance, until her death or remarriage, which ever event first occurs, the sum of eight hundred dollars ($800.00) per month, commencing upon the first of the month following the month in which this agreement is executed by the parties hereto. . . .

"TWENTY-EIGHTH: All matters affecting the interpretation of this agreement and the rights of the parties hereto shall be governed by the laws of the State of Connecticut. . . ."

divorce in view of Mrs. McAnerney's cohabitation with the defendant Stoecker, their "living together as a married couple" and whether, in equity, the plaintiff's obligation is terminated because of this relationship. In addition, he sought money damages and any other relief to which he might be entitled.

The defendant Stoecker demurred on the grounds that the amended complaint failed to allege facts sufficient to set forth a recognizable cause of action against him; that it was not alleged that he was a party to the agreement referred to in the complaint; that it was not alleged that he owed any legal duty or obligation to the plaintiff and that there was no allegation that he violated any such duty or obligation; that there were no facts alleged which, if true, establish an actual bona fide and substantial question and issue in dispute between the plaintiff and him or establish a substantial uncertainty of legal relations between them which requires settlement; and finally, that no facts were alleged which if proven could legally justify an award of money damages against him.

The defendant Mrs. McAnerney demurred to the amended complaint "in that it fails to state a cause of action recognizable either under law or equity as it is based on the plaintiff's claim of the defendant's, Mona T. McAnerney, misconduct and illicit cohabitation with defendant Walter B. Stoecker, which are neither grounds nor basis for the relief requested."

The trial court, in its memorandum of decision, sustained both demurrers "on all the grounds stated therein." After a discussion of the facts and the law the court held that "[u]nder the terms of the agree-

ment freely, knowingly and intelligently entered into by the parties the only two conditions upon which the plaintiff can escape his obligation of continued payments, are the death or remarriage of his former wife. Neither contingency has occurred." As to the defendant Stoecker, the court stated that his demurrer "may be summarily disposed of on the ground that he owed no duty whatsoever to the plaintiff. Nor was there any privity of contract between them by virtue of the existence of the separation agreement."

The function of a demurrer is to test the sufficiency of a pleading. *Mainolfi* v. *Zoning Board of Appeals,* 146 Conn. 634, 636, 153 A.2d 460; see Practice Book § 106. In testing the legal sufficiency of a complaint on demurrer, the court is limited to and controlled entirely by the information which the complaint itself affords. *Ryan* v. *Knights of Columbus,* 82 Conn. 91, 92, 72 A. 574. The burden rests on the plaintiff to allege a recognizable cause of action. *Lombardi* v. *J. A. Bergren Dairy Farms, Inc.,* 153 Conn. 19, 22, 213 A.2d 449; *Stavnezer* v. *Sage-Allen & Co.,* 146 Conn. 460, 461, 152 A.2d 312. Such a requirement embodies the principle that in any action the complaint is required to set forth facts on the basis of which, if true, the plaintiff may be able to establish in law a right to relief, for unless that is done, the pleading is demurrable. *Waterbury* v. *Connecticut Ry. & Lighting Co.,* 86 Conn. 180, 188, 84 A. 723. A demurrer admits all facts well pleaded. *Cyr* v. *Brookfield,* 153 Conn. 261, 263, 216 A.2d 198; *Weaver* v. *Ives,* 152 Conn. 586, 589, 210 A.2d 661. The question, then, is whether the plaintiff has alleged facts by which he may be entitled to the relief sought against the defendants.

## I

The plaintiff claims that the defendant Stoecker is a necessary party by reason of Practice Book § 309 which requires that "all persons having an interest in the subject matter of the complaint" be parties to an action for a declaratory judgment. An action for a declaratory judgment is a special statutory proceeding implemented by the rules of court. General Statutes § 52-29; Practice Book §§ 307–313. "A declaratory judgment may be employed only in solving a justiciable controversy. *Liebeskind* v. *Waterbury,* 142 Conn. 155, 158, 112 A.2d 208. There can be no such controversy if the interests of the parties are not adverse. *Aetna Life Ins. Co.* v. *Haworth,* 300 U.S. 227, 240, 57 S. Ct. 461, 81 L. Ed. 617. The complaint must state facts sufficient to set .forth a cause of action entitling the plaintiff to a declaratory judgment. 1 Anderson, Declaratory Judgments (2d Ed.) § 257. To state a cause of action for such relief, facts showing the existence of a substantial controversy or uncertainty of legal relations which requires settlement between the parties must be alleged. Ordinarily, there should be an assertion in the pleadings by one party of a legal relation or status or right in which he has a definite interest, together with an assertion of the denial of it by the other party, thus setting forth a substantial dispute. Id. § 258." *Lipson* v. *Bennett,* 148 Conn. 385, 389, 171 A.2d 83.

The plaintiff, in his complaint, failed to assert what right, if any, in his separation agreement with Mrs. McAnerney, was so affected as to create a justiciable issue with the defendant Stoecker. He relies on the cases of *Connors* v. *Connolly,* 86 Conn.

641, 647, 86 A. 600, and *Morrison* v. *National Broad-casting Co.*, 24 App. Div. 2d 284, 266 N.Y.S.2d 406, as authority for the doctrine of "prima facie" tort. These cases have no application to this defendant. The complaint in the case before us alleges no duty owed by the defendant Stoecker to the plaintiff. He was not a party to the separation agreement and was not bound by it. Thus the court was able to determine from the pleadings that a cause of action for a declaratory judgment against the defendant Stoecker did not exist and it correctly sustained his demurrer to the amended complaint.

## II

The plaintiff assigns error in the sustaining by the court of Mrs. McAnerney's demurrer to the amended complaint and in ruling, as a matter of law, that the complaint failed to state a cause of action against her. The court's memorandum of decision on the demurrer recites that the separation agreement was entered into prior to January 9, 1967, the date on which the plaintiff obtained a Mexican decree of divorce. The complaint alleges that the defendants have been living and conducting themselves as a married couple and that such conduct has been open, notorious and conspicuous in the neighborhood and in the community. A demurrer admits all facts well pleaded. *Cyr* v. *Brookfield,* supra. The plaintiff argues in his brief that such conduct and relationship justifies a termination of his obligation under the separation agreement. He does not claim that the divorce obtained by him is in any way affected by this conduct.

The complaint, construed in the manner most favorable to the plaintiff; *McAdam* v. *Sheldon,* 153 Conn. 278, 280, 216 A.2d 193; seeks to assert two

separate grounds for terminating the contract. The first question raised is whether the defendants' alleged "condition which approximates the state of being remarried" operates as a remarriage so as to discharge the plaintiff from his contractual obligations. The second question raises the equitable issue whether the defendant Mrs. McAnerney's misconduct deprives her of her contractual right to continuing support from the plaintiff.

We note that in paragraph twenty-eight of the separation agreement, set out in the footnote, the parties agreed that all matters affecting the interpretation of their contract would be governed by Connecticut law. This provision, together with our recent decision in *Hames* v. *Hames,* 163 Conn. 588, 594-95, 316 A.2d 379, effectively disposes of the first ground of the complaint. Since our decision in the *Hames* case, there should be little question as to what is required under our law to constitute the status of marriage. Although other jurisdictions may recognize common-law marriage or accord legal consequences to informal marriage relationships,[3] Connecticut definitely does not. *Hames* v. *Hames,* supra, 7; *State ex rel. Felson* v. *Allen,* 129 Conn. 427, 432, 29 A.2d 306. It follows that although two persons cohabit and conduct themselves as a married couple, our law neither grants to nor imposes upon them marital status. Thus, for the purposes of the laws of this jurisdiction and for the purposes of the contract, Mrs. McAnerney's cohabitation with another has no effect on the contractual provision whereby the plaintiff's obligation termi-

[3] See Weyrauch, "Informal and Formal Marriage—An Appraisal of Trends in Family Organization," 28 U. Chi. L. Rev. 88, 89-95 (1960); note, 3 Vand. L. Rev. 610, 614, 615.

nates with the wife's remarriage. As to this ground of the complaint directed to Mrs. McAnerney, therefore, the court correctly sustained the demurrer.

As to the second ground of the complaint as it pertains to Mrs. McAnerney, the plaintiff seeks to raise the claim that her misconduct and cohabitation with the defendant Walter Stoecker terminate the plaintiff's obligation to pay "alimony"[4] and to provide insurance protection. The plaintiff admittedly seeks to avoid an obligation which he undertook, pursuant to a valid separation agreement, to provide support payments and to maintain certain life insurance for the benefit of Mrs. McAnerney. His claim for relief is not founded in the terms of the contract, which concededly contains no suggestion that Mrs. McAnerney's rights thereunder are contingent on the conformity of her mode of life to conventional standards. Rather, the plaintiff asserts that because of Mrs. McAnerney's misconduct a justiciable controversy has arisen as to whether, "in equity," his obligations under the contract are terminated.

The plaintiff places misguided reliance on certain language in the case of *Christiano* v. *Christiano,* 131 Conn. 589, 596, 41 A.2d 779. There the claim was raised that the former wife's misconduct, subsequent to a divorce decree, constituted a basis for the exercise of discretion to free a husband from making further payments of alimony. This court

[4] The plaintiff characterizes his monetary obligations to Mrs. McAnerney as "alimony." In this jurisdiction, alimony is solely a creature of statute. *German* v. *German,* 122 Conn. 155, 160, 188 A. 429. As a term of art, therefore, it is properly restricted to court decrees rendered pursuant to statute and enforceable by contempt proceedings. The use of the word "alimony" to describe the plaintiff's contractual obligation here is simply misleading.

noted: "There is some authority to that effect where the wife has been guilty of flagrant misconduct." We deal here, however, not with questions arising out of a modifiable decree of alimony, but with a contract with respect to whose terms the parties have no dispute. Indeed, the parties are not in dispute as to any proposition except the one adopted by the court when it sustained the demurrer. That proposition is, namely, that the complaint does not reveal a situation in which judicial intervention is warranted or permissible under any theory. See *McAdam* v. *Sheldon,* supra, 284.

We find no error in the court's sustaining the demurrer. The complaint before us states no more a cause of action than one interposed by a debtor who seeks relief on the ground that his creditor maintains a mistress. But no policy or rule of equity makes a divorced wife accountable to her former husband for her conduct; *Christiano* v. *Christiano,* supra; any more than it makes the enforcement of a debt contingent on a creditor's chastity. As the trial court aptly stated, "[a]lthough one may sympathize with the position in which the plaintiff finds himself the fact remains that by the separation agreement he made his bed and he cannot now be heard to complain."

There is no error.

In this opinion the other judges concurred.