[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE SPECIAL DEFENSES (120)
This is an action by a supplier of medical supplies to recover for material sold and delivered.
The revised complaint is in two counts. Both counts allege that plaintiff furnished medical supplies and equipment to defendant Vincent G. Clements, now deceased, and that as a result such defendant is now indebted to plaintiff in the amount of $29,370.00.
There are allegations of fraudulent conveyance which are not involved here.
Subsequently defendants filed an answer and three special defenses.
The first special defense allege that plaintiff should have submitted the bills for medical supplies to Medicare or another suitable and responsible insurance carrier. The second special defense alleges that plaintiff accepted assignment on the bills for supplies furnished from January 1, 1985 through June 30, 1987 and therefore was responsible for submitting the bills to Medicare or another suitable insurance carrier. The third special defense is a claim that even if defendant Clements is found to be liable, as claimed, such liability is limited to 20% because plaintiff did not properly submit the bills to the responsible insurance carrier.
Plaintiff has moved to strike all three special defenses on the grounds that they are insufficient in law since they fail to show that plaintiff has no cause of action and alleges no defense which would defeat plaintiff's claim. For reasons hereinafter stated, the motion must be granted.
A motion to strike is the means for contesting the sufficiency of a pleading. Conn. Practice Bk. 152; Mingachos v. CBS, Inc.,196 Conn. 91, 108 (1985). It tests whether a court that already CT Page 1307 has subject matter jurisdiction over an action can properly grant relief. Progressive Casualty Ins. Co. v. DiGangi, 4 Conn. App. 137,139 (1985). The motion to strike "admits all facts well pleaded;" Mingachos, 196 Conn. at 108; and the court, when considering the motion, construes the pleading "in the manner most favorable to the pleader." D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, 202 Conn. 206, 208 (1986). The court take, as true the facts alleged in the pleading sought to be stricken; D'Ulisse-Cupo, 202 Conn. at 208; and if provable factual allegations in the special defenses would support a defense the motion to strike must fail. Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545 (1980).
Conn. Practice Bk. 164 requires that facts which are consistent with plaintiff's statements in the complaint but show, notwithstanding, that it has no cause of action must be alleged in a special defense. In testing the sufficiency of the facts pleaded in the special defense, the court is limited to and controlled entirely by the information which the challenged pleading affords. McAnerney v. McAnerney, 165 Conn. 277, 288 (1973).
Here the allegations of the special defenses, considered in the manner most favorable to the pleader, fail to support any defense recognized in law. If it is defendants' claim that plaintiff had an agreement with Clements, in the nature of and satisfaction, whereby it would look to collateral sources for payment they have not alleged it.
Accordingly, the motion to strike is granted.
PURTILL, J.