[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR MODIFICATION
The defendant has moved this court to modify the judgment of dissolution entered in the above-captioned matter on June 6, 1989.
The modifications sought by the defendant relate to the primary residence of minor child, Megan; the defendant's support obligation; and his alimony obligation as set forth on the judgment.
Having heard the evidence and testimony of each of the parties, the court makes the following findings.
The minor son Michael's primary residence is that of his mother.
CT Page 10478 The parties each acknowledge the change in Megan's primary residence from her mother's home to her father's home, effective December 9, 1991.
The defendant's net weekly income is found to be approximately $1089.62 and the plaintiff's net weekly income approximately $376.00 for a combined total of $1465.00.
Applying the child support guidelines to each party's tentative support obligation and taking into consideration the split custody arrangement regarding the two minor children, the court finds the defendant's support obligation, payable to the plaintiff, to be $130.00 per week.
The court further finds that the defendant has failed to meet his burden of proof regarding his allegation that the plaintiff's cohabitation within the meaning of that term as provided in Conn. Gen. Stats. Sec. 46b-86. The court finds that while there is sufficient evidence to find the the plaintiff has been living together with an adult male, the evidence is not sufficient to show a change in the plaintiff's finances, as a result of that relationship sufficient to alter her financial needs.
The agreement of the parties incorporated into the judgment does not provide for termination or modification of alimony in the event of "cohabitation", as it is literally defined. Continued cohabitation with another man, in and of itself, does not permit the court to relieve the defendant of his obligation under the parties' agreement. McAnerney v. McAnerney, 165 Conn. 277 (1973).
For the foregoing reasons the court enters the following orders.
The joint legal custody of the minor child, Megan, is modified to the effect that the defendant shall be her primary residential parent.
The defendant's support obligation payable to the plaintiff, in view of the split parenting arrangement of the parties, is modified to $130.00 per week as of December 9, 1991. Any credit adjustment for support paid in excess of that obligation shall be at the rate of $20.00 per week. CT Page 10479
The defendant's motion to modify his alimony obligation pursuant to the judgment of June 6, 1989, is denied.
BY THE COURT:
J. W. Doherty, J.