[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: MOTION TO STRIKE (COUNT THREE) (FILE #104)
Plaintiff has filed a three count complaint naming both Monique Ray and American Manufacturers Mutual Insurance Company (American) as defendants. In counts one and two of the complaint, plaintiff alleges that on October 17, 1991, the motor vehicle that she was operating was struck from behind, suddenly and without warning, by the vehicle operated by Ms. Ray. Plaintiff further alleges that as a result of Ms. Ray's negligence, carelessness, and reckless disregard, she (plaintiff) has suffered serious injuries, losses and damages. In count three of the complaint, plaintiff alleges that American was, at all relevant times, the insurer of plaintiff under Policy No. RQ089410, which included uninsured/underinsured motorist coverage.
On December 23, 1993, defendant American filed a motion to strike count three of plaintiff's complaint, along with a supporting memorandum of law. American argues that plaintiff's claim for uninsured/underinsured motorist benefits must fail for two reasons: (1) plaintiff has failed to allege that the claimed tortfeasor, Ms. Ray, was operating either an uninsured or underinsured vehicle, and, (2) if Ms. Ray was underinsured, General Statutes § 38a-336 requires that plaintiff exhaust Ms. Ray's liability policy before proceeding with any claim for underinsured motorist benefits.
Plaintiff has filed a memorandum in opposition to the motion to strike, along with a request for leave to amend the third count of the complaint and a proposed amended complaint. In the proposed amended complaint, plaintiff adds a paragraph to the original count three alleging that Ms. Ray was the at fault driver and underinsured in light of the severity of the injuries suffered by plaintiff in the collision. Defendant American did not file an objection to plaintiff's request for CT Page 5486 leave to amend and, therefore, the amendment, deemed to be filed with the consent of the adverse party, is automatically allowed under Practice Book § 176. See: Dennison v. Klotz,12 Conn. App. 570, 574, 532 A.2d 1311 (1987), cert. denied,206 Conn. 803, 535 A.2d 1316 (1988). Thus, this motion to strike may be considered with respect to plaintiff's amended
complaint.
A motion to strike tests the legal sufficiency of a pleading. Practice Book § 152; Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989). "The burden rests on the plaintiff to allege a recognizable cause of action." (Citations omitted.) McAnerney v. McAnerney, 165 Conn. 277,282, 334 A.2d 437 (1973). "[I]f the facts provable under its allegations would support . . . a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc., 196 Conn. 91,108-09, 491 A.2d 368 (1985).
In count three of the amended complaint, plaintiff alleges that the alleged tortfeasor, Ms. Ray, was underinsured in light of plaintiff's severe injuries. However, plaintiff does not alleges that she has exhausted the limits of liability under the alleged tortfeasor's insurance policy. General Statutes § 38a-336 (b) states in part:
 An insurance company shall be obligated to make payment to its insured up to the limits of the policy's uninsured and underinsured motorist coverage after the limits of liability under all bodily injury liability bonds or insurance policies applicable at the time of the accident have been exhausted by payment of judgments or settlements, but in no event shall the total amount of recovery from all policies, including any amount recovered under the insured's uninsured or underinsured motorist coverage, exceed the limits of the insured's uninsured and underinsured motorist coverage.
American argues that the third count must be stricken because plaintiff does not properly allege exhaustion of all claims against the allegedly at-fault driver. Plaintiff's response is that she has not yet determined the extent of liability coverage applicable to the alleged at-fault driver, and, that the amended complaint sufficiently alleges CT Page 5487 information supporting a claim for underinsured motorist benefits.
"[U]nder the provisions of General Statutes 38a-336 (b) and (d), an insured is required to exhaust the `liability bond or insurance policies' of only one tortfeasor in order to be eligible to pursue underinsured motorist benefits." Buell v.American Universal Insurance Co., 224 Conn. 766, 772,621 A.2d 262 (1993); see also: General Accident Insurance Co. v.Wheeler, 221 Conn. 206, 603 A.2d 385 (1992).
 "[A]n insured may make a successful claim under the uninsured motorist provisions of a policy upon proof that the tortfeasor is uninsured, or that the limits of liability under the tortfeasor's insurance policy have been exhausted. In order to pursue an action to recover under those provisions, one would necessarily have to make allegations to that effect `since [t]he allegations of a complaint limit the issues to be decided on the trial of a case . . . It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint . . . .' Thus, the failure to include a necessary allegation in a complaint precludes a recovery by the plaintiff (under that complaint.)"
Fusek v. Jaber, 7 Conn. L. Rptr. 29 (July 2, 1992, Moraghan, J.).
In the present case, plaintiff does not allege that the limits of liability under the tortfeasor's insurance policy have been exhausted. In her amended complaint, plaintiff has simply added an allegation that Ms. Ray was underinsured in view of her having "failed to insure her liability to a sufficient degree in light of the severity of the [plaintiff's] injuries;" she only avers to the issue of exhaustion in her memorandum in opposition to this motion. Plaintiff's count three does not include the exhaustion allegation, which is an essential element of the underinsured motorist claim; the count, as drafted, is facially insufficient, and therefore, is subject to being stricken.[1]
Accordingly, the motion to strike count three of the amended complaint is granted. CT Page 5488
Mulcahy, J.