[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE SPECIALDEFENSES OF THE DEFENDANTS, DEXTER CHAPPELL, VALERIE CHAPPELL ANDTARIK CHEATEM
On or about August 24, 1987 the defendants, Kent W. Ranney aka, Katherine M. Ranney aka, Katherine M. Ochotsky and Thomas W. Ranney, executed a promissory note in favor of the plaintiff in the amount of $68,500, and on said date the defendants, Kent W. Ranney and Katherine M. Ranney aka, executed a mortgage deed in favor of the plaintiff for premises known as 1208 C-2 West Middle Turnpike, Manchester, Connecticut to secure said mortgage note. Subsequent to the recording of the mortgage, the defendants, Kent W. Ranney and Katherine M. Ranney, aka, quit claimed their interest in the property to Joseph L. Petrowsky and Nathan P. Petrowsky on March 30, 1993 ("Petrowskys"). Plaintiff claims that no assumption agreement was entered into between the plaintiff and any of the defendants or either Joseph L. Petrowsky or Nathan P. Petrowsky. Defendant, Kent W. Ranney, claims that the plaintiff was notified of the transfer to the Petrowskys by notice dated April 27, 1990, which was provided to the plaintiff pursuant to its request. He further alleges that the Petrowskys agreed to assume the payments due to the plaintiff under the note and mortgage that defendant Kent W. Ranney had executed in August of 1987. He claims that the plaintiff knew of the agreement CT Page 111 between the defendant Kent W. Ranney and the Petrowskys and acquiesced in the assumption of the payment responsibility by the Petrowskys and by doing so materially altered the terms of the note and mortgage. The Petrowsky subsequently transferred their right, title and interest in the real property to the defendant, Dexter Chappell. The defendant, Kent W. Ranney claims that he had no knowledge of the transfer to defendant Dexter Chappell by the Petrowskys. The defendant, Kent W. Ranney, claims that the plaintiff was also aware that the responsibility for payments was then assumed by Dexter Chappell (hereinafter "D. Chappell") in October of 1993, that the plaintiff acquiesced in the assumption of the payment responsibility by D. Chappell, and by doing so materially altered the terms of the note and mortgage that is the subject of the plaintiff's amended complaint. The defendant, Kent W. Ranney, also claims that the plaintiff corresponded subsequent thereto exclusively with the defendant D. Chappell about the status of the loan after D. Chappell took title to the real property and that it wasn't until May of 1996 when defendant Kent W. Ranney received a notice from plaintiff indicating that the note and mortgage were in default. Following the initiation of this foreclosure action, the defendants, Dexter Chappell, Valerie Chappell and Tarik Cheatem filed four (4) special defenses. The plaintiff has moved to strike such special defenses. The motion to strike is dated October 8, 1996 and the memorandum of law in opposition to motion to strike is dated October 22, 1996.
A motion to strike challenges the legal sufficiency of a pleading, including special defenses and counterclaims. Connecticut Practice Book § 152. See generally, Mingachos v.CBS, Inc. 196 Conn. 91, 108 (1985) (pleadings). See also, Krasnowv. Christensen, 40 Conn. Sup. 287 (1985) (special defenses); andFairfield Lease Corp. v. Romano's Auto Service, 4 Conn. App. 495,496 (1985) (counterclaims). The motion admits well pleaded facts but does not admit any legal conclusions or the truth or accuracy of opinions stated in the pleadings. Alarm Applications Co. V.Simsbury Volunteer Fire Co., 179 Conn. 541, 545 (1980). "In ruling on a motion to strike, the court is limited to the facts alleged in the challenged pleadings." Kania v. Board ofEducation, 195 Conn. 90, 93 (1985). "Conclusions of law, absent sufficient alleged facts to support them, are subject to a motion to strike." Fortini v. New England Log Homes, Inc.,4 Conn. App. 132, 134-135 (1985). The burden of alleging recognizable special defenses and counterclaims rests upon the defendant. Cf.McAnerney v. McAnerney, 165 Conn. 277 (1973). CT Page 112
The defendants, Dexter Chappell, Valerie Chappell and Tarik Cheatem have filed four special defenses:
1. Accord and Satisfaction.
A motion to strike is properly granted if the pleading alleges mere conclusions of law that are unsupported by the facts alleged. Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215 (1992). The claim in the first special defense of accord and satisfaction fails to allege any facts to support it.
2-4. Second Special Defense of Novation, Third Special Defense ofWaiver and Fourth Special Defense that the action is barred bythe implied contractual obligation of Good Faith and FairDealing.
See Novametrix Medical Systems, Inc. v. BOC Group, Inc., supra, and Fortini v. New England Log Homes, Inc.,4 Conn. App. 132, 134-35 (1985), the latter of which states "Conclusions of law, absent sufficient alleged facts to support them, are subject to a motion to strike." No facts are alleged in any of these special defenses to support the conclusions of law therein.
Accordingly, the motion to strike the special defenses of the defendants Dexter Chappell, Valerie Chappell and Tarik Cheatem is granted.
Rittenband, J.