[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE SPECIAL DEFENSESAND COUNTERCLAIMS OF THE DEFENDANT THOMAS RANNEY
Plaintiff has moved to strike the special defenses and counterclaims dated September 17, 1996 of the defendant Thomas Ranney (hereafter "T. Ranney") by motion dated January 28, 1997.
The special defenses are discharge, breach of the duty of good faith, engaging in unconscionable acts or practices, estoppel and laches. The counterclaims are breach of contract (the alleged assumption agreement) breach of duty of good faith and violation of the Connecticut Unfair Trade Practices Act (hereafter "CUTPA"). By memorandum dated February 13, 1997, defendant T. Ranney filed his opposition to the motion to strike. At oral argument on February 24, 1997, T. Ranney requested two weeks to file an additional brief, and plaintiff requested a week thereafter to file a supplemental brief. Said briefs were timely filed.
Legal Standard
A motion to strike challenges the legal sufficiency of a pleading, including special defenses and counterclaims. Connecticut Practice Book § 152. See generally, Mingachos v.CBS, Inc. 196 Conn. 91, 108 (1985) (pleadings). See also, Krasnowv. Christensen, 40 Conn. Sup. 287 (1985) (special defenses); andFairfield Lease Corp. v. Romano's Auto Service, 4 Conn. App. 495,496 (1985) (counterclaims). The motion admits well pleaded facts but does not admit any legal conclusions or the truth or accuracy of opinions stated in the pleadings. Alarm Applications Co. v.Simsbury Volunteer Fire Co., 179 Conn. 541, 545 (1980). "In ruling on a motion to strike, the court is limited to the facts alleged in the challenged pleadings." Kania v. Board ofEducation, 195 Conn. 90, 93 (1985). "Conclusions of law, absent sufficient alleged facts to support them, are subject to a motion to strike." Fortini v. New England Log Homes, Inc.,4 Conn. App. 132, 134-135 (1985). The burden of alleging recognizable CT Page 4713 special defenses and counterclaims rests upon the defendant. Cf.McAnerney v. McAnerney, 165 Conn. 277 (1973).
The first four special defenses as well as all of the counts of the counterclaim rely upon the existence of an assumption agreement between plaintiff and subsequent purchasers of the subject property. This court has already found that the defense of an assumption agreement in this case is invalid (see Memorandum of Decision dated January 3, 1997 in regard to special defenses of Kent W. Ranney) in part because the assumption agreement not alleged to be in writing is in violation of the statute of frauds. T. Ranney claims that the court on a motion to strike must consider a written agreement to have been admitted by the plaintiff. The court makes no such assumption.[1]
In oral argument, however, T. Ranney claimed that he signed only the note and not the deed, he, therefore, had no interest in the land, and any such agreement does not have to be in writing. However, this overlooks paragraph 17 of the mortgage deed which allows the plaintiff to require full payment if all or any part of the subject property is sold or transferred without Lender's prior written consent. This provision is also in paragraph 11 of the note itself, and although T. Ranney did not sign the mortgage deed, paragraph 11 of the note clearly incorporates the provisions of the deed into the obligations of T. Ranney as a signatory to the note, including paragraph 17 of the deed. Further, both the note and deed provide that failure of the plaintiff to exercise acceleration in the event of default is not a waiver in the event of subsequent defaults. The transfers of the property were a continuing default and subsequent failure to pay the note is also a default.
The last paragraph of the note "Notwithstanding a sale or transfer, Borrower will continue to be obligated under the Note and this Security Instrument unless Lender has released Borrower in writing" is admittedly not in the mortgage deed, but it merely reiterates what is essentially in paragraph 17 of the deed. Not only is T. Ranney charged with knowledge of and bound by the terms of the deed through reference in paragraph 11 of the note, but he is charged with the plain language of the last paragraph of the note. There is no evidence that he was misled by that provision, and to claim that he was not bound by it because it does not specifically appear in the deed even though the note cited it as a provision of the deed is a claim of form over substance and is not accepted by the court.[2] In any event, T. CT Page 4714 Ranney is bound by the second paragraph of paragraph 11 of the note and by paragraph 17 of the deed.
Additionally, the court notes that the phrase "on information and belief" is hardly a definite statement of facts. Someone pleading with those words as a predicate should first ascertain as to whether what he is pleading is a provable fact, and if it is, leave out the predicate; if it is not, it shouldn't be pleaded.
As for the Fifth Special Defense of laches, the court incorporates its reasoning in the aforementioned decision concerning Kent W. Ranney, including, but not limited to, page seven (Fifth Special Defense: Laches). The only modification is that perhaps Kent W. Ranney may be blamed by the defendant T. Ranney, but certainly T. Ranney may not blame the plaintiff. There is no basis for a claim that the plaintiff did not have clean hands.
For the foregoing reasons, the plaintiff's motion to strike the special defenses and counterclaims of the defendant, T. Ranney, is granted.
Rittenband, Judge