[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#113)
The defendants, Avis-Vieira and Strachen, filed a motion to strike both counts of the plaintiff, Lintz's, two-count complaint. In count one, characterized "fraud", the plaintiff alleges that the defendants intentionally and wrongfully defrauded the plaintiff by misrepresenting and concealing the business activities of Cantrion Capital Markets, Inc. ("Cantrion"), a New York corporation. The plaintiff alleges that he, Avis-Vieira and Avis-Vieira's ex-wife founded Cantrion Capital Markets, Inc., in 1993 to provide services in trading, investing and researching emerging market countries debt. The plaintiff further alleges that he currently owns 75% in Cantrion and Avis-Vieira owns 25%, and that Avis-Vieira is President and Director of Cantrion and Lintz is Chairman, Director and Secretary of Cantrion. The plaintiff also alleges that, to date, he has received no salary or dividend income from Cantrion.
Furthermore, the plaintiff alleges that Avis-Vieira misrepresented to the public that Sandra L. Strachen ("Strachen") was an officer of Cantrion. The plaintiff alleges that Avis-Vieira and Strachen misrepresented Cantrion's business activities from trading emerging market countries debt and from subscriptions of Cantrion's newsletter and that they diverted revenue of Cantrion into their own bank accounts, thereby defrauding the plaintiff.
In the second count, characterized "injunctive relief," the plaintiff further alleges that Avis-Vieira and Strachen plan to move to Virginia thereby removing themselves and Cantrion funds and records from Connecticut, thus injunctive relief should be granted to prevent such an occurrence
The defendants had previously filed a motion to dismiss on the grounds that the court lacked subject matter jurisdiction CT Page 14605 because the controlling law was New York law, which provided that actions by an individual shareholder against a corporation's officers must be brought in a derivative suit. As discussed, infra, this court denied the motion to dismiss on the ground that it was unable to determine whether the plaintiff was alleging an injury to himself, personally, or to the corporation. This court emphasized that it could not determine whether it had jurisdiction until a cause of action had been alleged.
On June 11, 1998, the defendants filed a motion to strike both counts of the plaintiff's complaint.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael. Inc v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). In determining the sufficiency of the pleadings, "[the court] must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency." Id. "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Waters v. Autuori, 236 Conn. 820, 826,676 A.2d 357 (1996).
With regard to the second ground of the defendants' motion to strike the plaintiff's complaint, the defendants argue that the complaint is legally insufficient because it is impossible to determine who was damaged by the alleged acts of the defendants. In opposition to the motion to strike, the plaintiff argues that the complaint alleges a cause of action on behalf of the plaintiff, Lintz, individually, on an agreement between Lintz and Avis-Vieira, not on behalf of the corporation, Cantrion.
The plaintiff's complaint fails to allege a cognizable cause of action. "The burden rests on the plaintiff to allege a recognizable cause of action . . . Such a requirement embodies the principle that in any action the complaint is required to set forth facts on the basis of which, if true, the plaintiff may be able to establish in law a right to relief, for unless that is done, the pleading is demurrable." (Citations omitted; internal quotation marks omitted.) McAnerney v. McAnerney, 165 Conn. 277,282, 334 A.2d 437 (1973) See also Burke v. Avitabile,32 Conn. App. 765, 769, 630 A.2d 624, cert. denied, 228 Conn. 908,634 A.2d 297 (1993) ("[I]t is incumbent on a plaintiff to allege some CT Page 14606 recognizable cause of action in his complaint. If he fails to do so, it is not the burden of the defendant to attempt to correct the deficiency, either by motion, [motion to strike] or otherwise.").
The plaintiff has not sufficiently alleged facts supporting his contention that the present suit is brought by the plaintiff as an individual on an agreement between Lintz and Avis-Vieira. The only reference to such an agreement is in paragraph 11 of the complaint, which states that Lintz and Avis-Vieira "agreed" that their salaries would be fixed by the Board of Directors of Cantrion (subparagraph 11a) and that dividends would be declared and paid as deemed by the Board of Directors of Cantrion (subparagraph 11c). There are no other allegations in the complaint regarding an agreement between the plaintiff and Avis-Vieira.
In addition, paragraph 11 alleges that these matters were agreed to "in connection with the management and operation of Cantrion." There is no allegation that this "agreement" is apart from the corporation.
Alternatively, the complaint sets forth allegations in support of claims on behalf of the corporation. For example, in paragraph 6, the complaint alleges that Strachen was represented to the public as a "private officer of Cantrion although no action by the Board of Directors was ever taken appointing her as an officer of Cantrion." In paragraph 17, the complaint alleges that the defendants secretly diverted revenue of Cantrion into their own bank account "without the knowledge or approval of Lintz or the Board of Directors of Cantrion and for the purpose of obtaining personal control over revenues generated by Cantrion."
This court, in an earlier decision on a motion to dismiss, denied the motion, stating, "the court is unable to determine whether the plaintiff is alleging an injury to himself personally or to a corporation . . . The plaintiff's complaint contains many lengthy paragraphs of facts, but is devoid of allegations of harm or damages caused to any entity." Lintz v. Avis-Vieira, Superior Court, judicial district of Stamford, Norwalk at Stamford, Docket No. 162976 (May 8, 1998, Karazin, J.).
In addition, "it is axiomatic that a claim of injury, the basis of which is a wrong to the corporation, must be brought in CT Page 14607 a derivative suit, with the plaintiff proceeding `secondarily,' deriving his rights from the corporation which is alleged to have been wronged. Yanow v. Teal Industries, Inc., 178 Conn. 262, 281,422 A.2d 311 (1979)." Fink v. Golenbock, 238 Conn. 183, 200,680 A.2d 1243 (1996). "Derivative actions are governed by § 52-572j. Under § 52-572j, a shareholder who believes that the corporation has been harmed by the actions of corporate officers, directors, or third parties may bring suit on behalf of the corporation, should the corporation fail to do so itself. In contrast, in order for a shareholder to bring a direct or personal action against the corporation or other shareholders, that shareholder must show an injury that is separate and distinct from that suffered by any other shareholder or by the corporation. Yanow v. Teal Industries, Inc., supra,178 Conn. 282; see also In re Ionosphere Clubs, Inc., 17 F.3d 600, 605 (2d Cir. 1994) (`[t]he distinction between derivative and direct claims turns primarily on whether the breach of duty is to the corporation or to the shareholder[s] and whether it is the corporation or the shareholder[s] that should appropriately receive relief')." Fink v. Golenbock, supra, 238 Conn. 200-01.
The plaintiff has failed to sufficiently allege facts distinguishing the pleaded cause of action as either a claim on behalf of the plaintiff, as an individual, or on behalf of the corporation, as a shareholder's derivative suit. Therefore, the defendants' motion to strike the plaintiff's complaint on the ground that the complaint fails to allege a recognizable cause of action specifying who was damaged is granted.
In regard to the first, third and fourth grounds of the defendants' motion to strike, the court will not have to address these grounds because the second ground is dispositive of this case.
KARAZIN, J. CT Page 14608