[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #105)
The plaintiff brings a Motion to Strike (#105) the second and third special defenses (#104) filed by the defendant.
The second special defense asserts that plaintiff is barred from recovery by the provisions of Connecticut General Statutes §52-102b.[1]
Unfortunately no specific subsection or reasoning is described in defendant's pleadings.
The third special defense also relies on Connecticut General Statute § 52-102b but identifies as its basis an assertion that the plaintiff had only sixty (60) days in which to bring a claim against this defendant. The only reference to "sixty days" is found in subsection 52-102b(d).
 "(d) Notwithstanding any applicable statute of limitation or repose, the plaintiff may, within sixty days of the return date of the apportionment complaint served pursuant to subsection (a) of this section, assert any claim against the apportionment defendant arising out of the transaction or occurrence that is the subject matter of the original complaint."
A fortiori, that is the analysis which must be applied.
 FACTS 
The facts necessary for resolution of this matter are as follows: CT Page 4431
 1) On October 11, 1998 the plaintiff fell on a public sidewalk;
 2) At that time and place the sidewalk was contractually maintained by the defendant, pursuant to a contract(s);
 3) The statute of limitations for plaintiff's claim is a two year statute;[2]
 4) On March 30, 2000 the plaintiff brought an action against a different defendant, Anthony Julian Railroad Construction Company, Inc., alleging that it was liable for plaintiff's fall and injuries;
 5) On May 5, 2000 the first action defendant, Anthony Julian Railroad Construction Company, Inc., brought, in the first action, an apportionment complaint against the defendant in this action; and
 6) On September 19, 2000, the plaintiff brought the action directly against the defendant.
 STANDARD FOR REVIEW 
"A motion to strike challenges the legal sufficiency of a pleading, including special defenses and counterclaims. Practice Book § 152, now § 10-39; see generally Mingachos v. CBS, Inc., 196 Conn, 91,108, 491 A.2d 368 (1985) (pleadings); see also Krasnow v. Christensen,40 Conn. Sup. 287, 288, 492 A.2d 850 (1985) (special defenses); FairfieldLease Corp. v. Romano's Auto Service, 4 Conn. App. 495, 496, 495 A.2d 286
(1985) (counterclaims). The motion admits well pleaded facts but does not admit any legal conclusions or the truth or accuracy of opinions stated in the pleadings. Alarm Applications Co. v. Simsbury Volunteer Fire Co.,179 Conn. 541, 545, 427 A.2d 822 (1980). In ruling on a motion to strike, the court is limited to the facts alleged in the challenged pleadings. King v. Board of Education, 195 Conn. 90, 93, 486 A.2d 1111
(1985). "Conclusions of law, absent sufficient alleged facts to support them, are subject to a motion to strike." Fortini v. New England LogHomes, Inc., 4 Conn. App. 132, 134-35, 492 A.2d 546, cert. dismissed,197 Conn. 801, 495 A.2d 280 (1985). The burden of alleging recognizable special defenses and counterclaims rests upon the defendant. Cf. McAnerneyCT Page 4432v. McAnerney, 165 Conn. 277, 334 A.2d 437 (1973)." COWART v. GRIMALDI,46 Conn. Sup. 248, 249 (1997).
"It is axiomatic that, in adjudicating a question of statutory construction, we seek to ascertain the intent of the legislature. Statev. Valinski, 254 Conn. 107 (2000). In pursuit of this inquiry, we read a statute in its entirety and, in so doing, presumptively give greater weight to specific provisions governing the subject matter than to general language of the same statute that might otherwise be controlling. Gifford v. Freedom of Information Commission, 227 Conn. 641,652 (1993); Hallenbeck v. St. Mark the Evangelist Corp., 29 Conn. App. 618,624 (1992)." State v. Nesteriak, 60 Conn. App. 647 (2000).
"Statutory construction is a question of law. . . . Our fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to discern that intent, we look to the words of the statute itself to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter. (Internal quotation marks omitted.) State v. Parra, 251 Conn. 617, 622 (1999)." State v.Velasco, 253 Conn. 210, 219 (2000).
 CONCLUSION 
The plaintiff's Motion to Strike must be granted as to both the second and third special defense.
While the court could grant the motion because of the vagueness of the second special defense, it need not do so. A complete reading of §52-102b reveals no legislative words or intent to prevent a plaintiff from bringing independent causes of action against individual defendantsat any time within the statute of limitations. Should any defendant or the plaintiff seek to consolidate the matter in one trial proceeding there is a specific Practice Book Section which allows such consolidation.[3]
The language of 52-102b(d) has been seriously misunderstood by the defendant. Defendant reads the language as mandatory rather than permissive. The absurd result of a mandatory reading would be to artificially shorten the statute of limitations.
It is patent to this court, part of the drafting/debate process for this statute, that § 52-102b(d) was to be an expansive act, CT Page 4433 lengthening the normal statute of limitations,
The purpose of the statute was to allow a plaintiff to plead, after the statute of limitations expired if the plaintiff became aware of a previously unknown party who should be a defendant.
The applicable statute was meant to expand the statute of limitations if necessary. There never was and is not an interest to shorten the statute of limitations.
 ORDER 
Defendant's second and third special defenses are stricken.
DANIEL E. BRENNAN, JR., J.