[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION #133 MOTION FOR SUMMARY JUDGMENT
The plaintiffs allege in their complaint that on or about September 20, 1999, the plaintiff Allis Correa was the owner of a Nissan automobile that she was operating on Lombard Street at its intersection with Blatchley Avenue in the City of New Haven. At said date and place the plaintiff Efrain Correa, Jr. was a passenger in said automobile.
The plaintiffs further allege that on the aforementioned date, the defendant Charles B. Ragozine was the owner of a Chevrolet automobile that he was operating on said Lombard Street to the rear of the vehicle being operated by the plaintiff, Allis Correa.
The defendant Angel Aviles was the owner of a Dodge automobile being operated by Jose E. Ramos on the aforementioned Lombard Street to the rear of the vehicle operated by Charles Ragozine. CT Page 1818
Plaintiffs allege that the Aviles vehicle collided with the rear of a vehicle being operated by the defendant Ragozine, which then collided into the rear of the Correa vehicle.
Plaintiff, Efrain Correa, Jr. alleges that on September 20, 1999, the vehicle owned by the defendant Aviles and operated by the defendant Ramos, was uninsured.
In the Ninth Count of the complaint, the plaintiff alleges that on said date, the defendant American International Pacific Insurance Company (hereinafter "American") was in the business or writing various types or insurance, including, but not limited to automobile liability insurance policies. Plaintiff further alleges that Roberto Perez had a contract for automobile insurance with American and that the plaintiff Efrain Correa, Jr., is an insured pursuant to said policy and is therefore entitled to recover pursuant to the underinsured/uninsured motorist coverage provision.
On January 23, 2002, the defendant American filed a motion for summary judgment as to the Ninth Count of the Complaint. The defendant American asserts that the plaintiff, Efrain Correa, Jr., does not come within the definition of a "family member" as the term is defined within the subject insurance policy and therefore he is not entitled to coverage.
Section 17-45 of the Connecticut Practice Book concerns the proceedings for motions for summary judgment. It provides that:
 A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like. The motion shall be placed on the short calendar to be held not less than fifteen days following the filing of the motion and the supporting materials, unless the judicial authority otherwise directs. The adverse party [prior to the day the case is set down for short calendar] shall at least five days before the date the motion is to be considered on the short calendar file opposing affidavits and other available documentary evidence. Affidavits, and other documentary proof not already a part of the file, shall be filed and served as are pleadings.
Attachments to the defendant's motion for summary judgment included, but were not limited to the following: CT Page 1819
1) Copy of the insurance contract; and
2) Requests for Admissions to the plaintiff Efrain Correa, Jr.; and
3) Request for Admissions to Roberto Perez; and
4) Request for Admissions to Anna Roman.
Prior to hearing argument on the motion the court examined the file and ascertained that the plaintiff, Efrain Correa, Jr. has not, as of this date filed an objection to said motion.
Before addressing the merits of defendant's motion, a brief review of the standards for the granting of a motion for summary judgment is necessary:
 "Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Orkney v. Hanover Ins. Co., 248 Conn. 195, 201, 727 A.2d 700
(1999).
 QSP, Inc. v. The Aetna Casualty Surety Co., 256 Conn. 343, 351 (2001).
 A "material fact" is a fact that will make a difference in the result of the case. See Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). The facts at issue are those alleged in the pleadings. See Plouffe v. New York, N.H H.R. Co., 160 Conn. 482, 489, 280 A.2d 359 (1971). The party seeking summary judgment "has the burden of showing the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908 (1980).
 Norse Systems, Inc. v. Tingley Systems, Inc., 49 Conn. App. 582, 590
(1998).
Part "C" of the insurance contract at issue concerns uninsured CT Page 1820 motorists coverage. Subsection "A" of this section provides that:
 We will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "uninsured motor vehicle" because of "bodily injury" . . .
 Subsection "B" provides a definition for the word "insured" and provides as follows:
"Insured" as used in this Part means:
1. You or any "family member . . .
The definition section of the subject policy provides that:
 "Family member" means a person related to you by blood, marriage or adoption who is a resident or your household. This includes a ward or foster child.
As was previously stated, the defendant American asserts that the plaintiff, Efrain Correa, Jr. was not for the time pertinent hereto a family member of their insured, Roberto Perez.
In a request for admissions dated, January 22, 2001, the plaintiff, Efrain Correa, Jr. admitted that he is not related to Roberto Perez by blood or adoption, but denied that he was not related to him by marriage and explicitly wrote on the document "Roberto Perez is step father."
In addition to the request for admissions to Efrain Correa, there is another set of request for admissions addressed to the plaintiff Allis Correa. In this request for admissions, the plaintiff Ahis Correa admits that she owned and was driving the vehicle that is the subject of this action when the subject accident occurred. She also admits that she and her brother, Efrain Correa, Jr. resided together with her "step-father" Roberto Perez.
On October 24, 2001, the defendant American took the deposition of Roberto Perez. During the deposition Mr. Perez was asked whether he was claiming that he was related to Efrain Correa, Jr.:
Q. Who is Efrain Correa, Jr.'s mother, do you know?
A. The woman with (sic) I live with, Anna.
Q. Anna Roman? CT Page 1821
A. Yes . . .
 Q. You moved in with Anna — you've lived with Anna Roman for seventeen years?
A. Something like this I said.
 Q. Okay. And that's always been in the — and you've always resided with Anna Roman for those seventeen years in New Haven?
A. Yes.
(October 24, 2001, deposition)
Q. And how are you claiming you are related to Efrain Correa, Jr.?
A. I'm his stepfather.
Q. How are you his stepfather?
A. Because I live with the mother.
 Q. And there's no other way that you are Efrain Correa, Jr.'s stepfather besides living with his mother?
A. There's no other reasons, no more.
(October 24, 2001, deposition at page 26.)
Later during the same deposition Mr. Perez was asked about a possible marriage with an individual who is not the mother of the plaintiff Efrain Correa Jr.:
Q. Who is Mary Luz Perez?
A. Mary Luz Perez. That's another wife that I have . . .
Q. Okay. Did you ever divorce Ms. Mary Luz Perez?
A. No. She's in Columbia.
Q. Is Mary Luz Perez related to Efrain Correa, Jr. in any way? CT Page 1822
A. None.
(October 24, 2001, deposition at page 33.)
 Q. And in 1999, specifically, September — the date of this accident, September 20th of `99, you were not married to Anna Roman?
A. I wasn't married. I was living with her.
On recross-examination the Mr. Perez was asked whether he considered Efrain Correa, Jr. his stepson:
Q. And you consider Efrain your stepson; isn't that right?
A. Exactly.
 Q. Because you've had a common law marriage with Anna Roman for the last seventeen years?
A. Exactly.
Although the plaintiff Efrain Correa, Jr., asserts that Roberto Perez is his stepfather, the plaintiff does not provide any credible evidence to support of this assertion. The mere fact that Mr. Perez lived with Mr. Correa's mother for an extended period of time does not make him Mr. Correa's "common-law" stepfather.
 Although other jurisdictions may recognize common-law marriage or accord legal consequences to informal marriage relationships, Connecticut definitely does not. Hames v. Hames, supra, 7; State ex rel Felson v. Allen, 129 Conn. 427, 432, 29 A.2d 306. (Reference to footnote deleted.)
 McAnerney v. McAnerney, 165 Conn. 277, 295 (1973).
The plaintiff's mother, Anna Roman and Mr. Perez have resided in the state of Connecticut during the course of their living together so there aren't any issues as to whether there is a common law marriage that is recognized in another jurisdiction.
While Mr. Perez appears to have a close "familial" relationship with the plaintiff Efrain Correa and the plaintiffs mother Anna Roman, this extended type of family does not bring Mr. Correa within the definition CT Page 1823 of family member under the subject insurance policy.
Whereas there are no genuine issues of material fact in existence, the court finds as a matter of law Efrain Correa, Jr., is not a "family member" of Roberto Perez under the provisions of the subject insurance policy. The defendant's motion for summary judgment is granted. Summary judgment may enter in favor of the defendant American International Pacific Insurance Company and against the plaintiff Efrain Correa on the Ninth Count of the complaint. So ordered.
Richard A. Robinson February 13, 2002.