[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S COMPLAINT (124.00)
The defendant has moved to strike the second, third, and the fourth claim for relief in the plaintiff's complaint alleging that each is legally insufficient because:
. . . they are governed by a valid and enforceable prenuptial agreement.
This assertion by the defendant is a legal conclusion. The court has not yet had the opportunity to determine the validity or enforceability of any such alleged agreement.
The case of Alarm Applications Co., Inc., et al. v. Simsbury VolunteerFire Company, Inc. et al., 179 Conn. 541 (1980) is instructive, stating, at page 545:
The motion to strike, Practice Book, 1978, 151, replaced the demurrer in our practice. Its function, like that which the demurrer served, is to test the legal sufficiency of a pleading. Practice Book, 178, 152; c.f.McAnerney v. McAnerney, 165 Conn. 277, 282, 334 A.2d 437 (1973).
McAnerney, at page 282 states: "In testing the legal sufficiency of a complaint or demurrer, the court is limited to and controlled entirely by the information which the complaint itself affords." (Citation omitted.)
There is no mention of a prenuptial agreement in the plaintiff's complaint or claims for relief. The defendant is attempting to utilize a "speaking demurrer" to have the court consider allegations not in plaintiff's pleading.
The plaintiff failed to file a responsive memorandum. The defendant urges the court to rely on this inaction by the plaintiff and to grant CT Page 3090 the motion. This court declines to do so, exercises its discretion in finding this use of a motion to strike not proper, and the motion is therefore denied.
 SO ORDERED. HARRIGAN, J.T.R.
CT Page 3091